JOSEPH HERRON, Guardian, Appellee, v. JENNIE S. BRINTON, Appellant.

EVIDENCE: Parol as Affecting Writing—Conditional Delivery. 1 Parol evidence is admissible between the original parties to an

unconditional negotiable promissory note, to show that the delivery was on the agreement that the payment of the annual interest during the lifetime of the payee should work a full discharge of the note. (Sec. 3060-a16, Code Supp., 1913.)

CONTRACTS: Parol to Show Conditional Delivery and Want of Consideration. Principle recognized that, as between the parties, parol evidence may be admissible to show (a) want of consideration and (b) *conditional* delivery.

CONTRACTS: Mutuality—Interdependent Promises. An agreement that one party will furnish the funds for a home, in return for annual interest on the funds advanced during the lifetime of the person so advancing, is enforcible after both parties have acted thereon.

WILLS: Admissible to Prove Contract. A will devising a promissory note to the maker is admissible as an item of evidence on the issue whether the note was given on the condition that the payment of the annual interest during the lifetime of the payee should work a full discharge of the note.

PLEADING: Matters of Inducement. Matters explanatory of the circumstances under which a contract was made are proper: e. g., the family relationship existing between the parties.

*Appeal from Hamilton District Court.*—G. D. THOMPSON, Judge.

JANUARY 20, 1920.

THE opinion states the case.—*Reversed.*

*O. J. Henderson,* for appellant.

*Wesley Martin,* for appellee.

WEAVER, C. J.—The petition alleges that plaintiff is the duly appointed guardian of William Scott, a person of unsound mind, residing in the state of Pennsylvania, and having property subject to said guardian's care in this state; that, on July 1, 1907, the defendant, Jennie S. Brinton, together with her husband, M. H. Brinton, made and delivered to the said William Scott their promissory note for the principal sum of $1,639.58, payable

4 years after date, with interest at 5 per cent per annum, payable annually; and that said note is now past due and wholly unpaid, except a single year's interest, endorsed thereon. Judgment is therefore demanded for the amount of the note, principal and interest. Jennie S. Brinton is made sole defendant, her husband, the comaker of the note, being now deceased.

The answer admits the making of the note, but denies that, at the time of said transaction, the payee was under guardianship, or was of unsound mind. As an affirmative defense, defendant further alleges that said Scott is her uncle, and that, at the time the note was made, and for many years prior thereto, relations of intimate affection and regard existed between him and herself and husband; that, on said date, Scott was visiting defendant and her husband in their home in the town of Ellsworth, Iowa, and then and there urged and advised defendant and husband to build a new home at that place. As an inducement so to do, Scott offered or proposed to advance to defendant and husband the money represented by said note, which, by the mutual agreement of the parties, was made and intended to evidence the obligation of the defendant and husband to pay their said uncle interest on said sum so advanced at 5 per cent annually so long as said payee should live, such payment of interest for his life to be in full discharge of the obligation imposed upon defendants by the acceptance of said money. Said offer on part of Scott is alleged to have been accepted by defendant and husband, and it was upon such consideration and understanding that the note was given; and the said Scott, in pursuance of such agreement and understanding, and to give effect thereto on his part, made and executed his last will and testament, by the terms of which he specifically bequeathed the note now in suit to the defendant.

Defendant further says that, relying on such agree-

ment, she and her husband did proceed to erect a dwelling house at Ellsworth, Iowa, using for that purpose the money so furnished them by Scott, and that, each year thereafter, the interest was paid on the note according to its terms up to the date of the death of her husband, since which time defendant has repeatedly tendered and offered payment of the accruing interest, and is still ready and willing to pay the same.

Plaintiff first attacked the answer by motion to strike all the affirmative allegations therein, as being redundant and immaterial. The motion, being overruled, was followed by a demurrer, on the following grounds: (1) That the matters alleged are contrary to and are an attempt to vary by parol the written contract evidenced by the note; and (2) that the alleged agreement for the making of a will by Scott, giving the note to the defendant, is without consideration, and therefore voidable; and the will, being without consideration, is revocable at the pleasure of the testator, and in no case is available to the defendant during the testator's lifetime.

The demurrer was sustained, and, defendant electing to stand upon her answer without further pleading or amendment, judgment was entered against her for the amount appearing due on the note and costs. From this judgment, defendant appeals.

I.   Is the answer obnoxious to the rule which excludes parol testimony to vary or contradict the terms of a written contract?

In its abstract or general statement, the rule is too familiar and too well settled to admit of argument, but its limitations and its applicability to varying states of fact are not always clearly defined. It is subject, also, to numerous exceptions. It is, as a general rule, unquestionably applicable to promissory notes, as to other written contracts. It has, however, always been

2. CONTRACTS: parol to show conditional delivery and want of consideration.

held competent, as between the original parties at least, to plead and to prove want or failure of consideration by parol evidence. And, as between such parties, it may be shown that a note in the possession of the payee was delivered conditionally, and was not to become a binding promise to pay, except upon the happening of some stated event, or that the delivery was made for a special purpose only, and not for the purpose of transferring property in the instrument. Code Supplement, 1913, Section 3060-a16; *Selma Sav. Bank v. Harlan,* 167 Iowa 673; *Bookstaver v. Jayne,* 60 N. Y. 146; *Higgins v. Ridgway,* 153 N. Y. 130; *Benton v. Martin,* 52 N. Y. 570.

In the last-cited case, it is held that a note. may be delivered to the payee with a valid oral agreement as to conditions upon which it ·is to become payable, the observance of which conditions is essential to their validity; that the annexing of such conditions to the delivery is not an oral contradiction of the written obligation; and that, as it needs a delivery to make an obligation operative, the effect of it and the extent to which it becomes operative may be limited by the condition attending its delivery. See, also, *Ware v. Allen,* 128 U. S. 590; *Juilliard v. Chaffee,* 92 N. Y. 530; *Jilson v. Gilbert,* 26 Wis. 637; *Dicken v. Morgan,* 54 Iowa 684; *McFarland v. Sikes,* 54 Conn. 250; *Bragg v. Stanford,* 82 Ind. 234; *Kirkpatrick v. Taylor,* 43 Ill. 207; *Slade v. Halsted,* 7 Cow. (N. Y.) 322.

But, for the rule governing the case before us, we need not go beyond the range of our own applicable precedents. In *Oakland C. Assn. v. Lakins,* 126 Iowa 121, we had an action to recover upon a promissory note. There, as in this case, a demurrer to the answer was sustained by the trial court. The plea demurred to was, in substance, that the payee, one Boyd, conveyed to defendant certain town lots, and, in consideration thereof, defendant undertook to pay Boyd interest at 6 per cent on the sum of $700, during

life; that, to evidence such agreement, defendant, at Boyd's request, made and delivered to him a promissory note for $700, which paper said Boyd received and held during the remainder of his life, not as a promissory note for said amount, but as security for defendant's obligation to pay the stipulated interest. He further alleged payment of the interest in full, and that, upon Boyd's death, he became and was entitled to a surrender of the instrument. The demurrer was grounded upon the parol evidence rule, and the appeal from the ruling of the trial court sustaining it makes a case which is entirely parallel with the one now before us. In each case, the answer pleads that the real agreement between the parties was for the payment of interest on the sum stated during the life of the payee, and that the note given was made and delivered, not as a promissory note, evidencing a debt for the amount named, but as evidencing and securing to the payee the interest on the principal sum named, during his lifetime.

In each case, also, the question of law is raised whether the facts so pleaded state a defense to an action on the note. We there held, in effect, that the plea not only goes to the question of the consideration of the note sued upon, but was also within the rule permitting proof of conditional delivery, as well as the rule which permits parol evidence of the discharge of a written agreement "although the transaction involves proof of a collateral parol agreement." The ruling of the trial court sustaining the demurrer was, therefore, reversed.

Quite in point, too, is *Marsh v. Chown,* 104 Iowa 556, where, in an action upon promissory notes given by a daughter to her father, it was held competent to plead and prove that they were executed and delivered, not as evidencing a debt, but as being in the nature of receipts for gifts by way of advancements previously made from parent to child.

In the more recent case of *Ball v. James*, 176 Iowa 647, a very similar case was again before this court. There, the executor of the will of one Fickey brought suit against Mrs. James, niece of the deceased, to recover the amount of a promissory note made to the deceased by Mrs. James. Answering the claim thus made, the defendant alleged that deceased in her lifetime, having the sum of $3,500 on hand which she wished to invest to advantage, requested defendant to take the money and pay her 6 per cent interest thereon during the remainder of her life, and, in consideration of such undertaking, defendant need never repay the principal sum, and deceased would make her will, leaving said sum to defendant; that defendant agreed to the proposition, and received the money, and, to secure the performance of her agreement, she made and delivered to deceased her notes for said sum, with interest at 6 per cent, the deceased promising and undertaking that the principal sum need never be paid, and that she would by her will so provide. The defendant further alleged that deceased did make and execute her will containing said provision for defendant's benefit, but, shortly before her death, wrongfully changed the will, leaving the plaintiff only a comparatively small legacy.

.Following the precedents already cited, we held that proof of the transaction, as pleaded in the answer, could properly be established by parol testimony. Answering the objections made at this point to introduction of parol testimony, we said:

"We are not inclined to this view. These instruments [the notes and mortgage] were complete in themselves. The alleged oral undertaking neither added thereto nor detracted therefrom. It did not purport to vary either. It served merely as an inducement to the entering into the written contracts on the terms stated therein. The law is well established that there may be one contract provid-

ing for another, or a contract may be partly in writing and
partly in parol."

The same rule has recognition in *Waukee Sav. Bank v.
Jones,* 179 Iowa 261, 266; *McCormick Harv. Co. v. Morlan,*
121 Iowa 451. And even though it be conceded, as it must
be, that there is difficulty in reconciling all the decided
cases found in the books along these lines, we think the
statute already cited, Section 3060-a16, Code Supplement,
1913, is quite controlling. It provides, in express words,
that "every contract on a negotiable instrument is incom-
plete and revocable until delivery of the instrument *for the
purpose of giving effect thereto,*" and that, as between the
parties, the delivery "may be shown *to have been condition-
al or for a special purpose only.*" If, without this provi-
sion, the rule against parol evidence would operate to ex-
clude proof that a note was delivered to be held simply as
evidence of or security for the maker's obligation to pay in-
terest on that sum during the payee's life, and "not for the
purpose of giving effect thereto" as a promissory note, then
the rule of evidence must, to that extent, give way to the
statute.

No written contract is complete without delivery, and
delivery consists, not in a mere manual act of passing the
paper into the hand of another: the essence of delivery is
in the intent of the parties, and it is competent for them
to attach thereto any conditions upon which they may
agree. Proof of such conditions of delivery does not add
to or take from or vary the terms of the writing, but goes
rather to the question whether the writing ever became a
contract at all, or was delivered for some agreed special
purpose, other than the transfer of property in the instru-
ment. If, therefore, we are not to unduly narrow the scope
of the statute, and abandon the rule affirmed by us in our
prior cases (*Oakland C. Assn. v. Lakins, Marsh v. Chown,
Ball v. James,* and others hereinbefore cited), we think it

must follow that the appellant's answer in this case is not open to the objection that the matters pleaded cannot be established by parol testimony.

II.  Is the answer demurrable as pleading an agreement between the defendant and Scott which is not supported by a consideration?

So far as relates to the alleged agreement between these parties by which defendants undertook to build a home, relying upon the promise of Scott that, if they would so build, he would furnish the money represented by the note, and accept their undertaking to pay him interest on such amount during his lifetime in satisfaction and discharge of the debt, we think it must be held that, when both parties have acted thereon, the money being furnished by the one, and the house built therewith by the other, it constitutes a valid and enforcible contract, and, unless proof thereof is excluded by some imperative rule of evidence, the fact that the interest has been paid or tendered according to the agreement is sufficient reason for denying a recovery at the suit of Scott or his guardian.

3. CONTRACTS: mutuality: interdependent promises.

But, says counsel for appellee, the defendant seeks to couple with the alleged arrangement a further agreement by Scott to make a will in which he would bequeath the note to the defendant; and such agreement is clearly without consideration, a will having no legal force or effect in the lifetime of the testator, and, even if made, being revocable at his pleasure.

4. WILLS: admissible to prove contract.

But the plea against which this objection is raised is not an attempt to get the benefit of a will in the lifetime of the testator, for a will can operate as such only from the testator's death. The making of a will may, however, be the subject of a valid contract, and the fact of such agreement may readily become an item of competent testimony

in a controversy arising between the parties in the testator's lifetime. Thus, in the case at bar, the agreement to make a given bequest, and the fact that a will of that kind was made, are provable, not to give present force and effect to the promised bequest, but as evidence bearing on the agreement and understanding pursuant to which the money was furnished and the note in suit was made. It is *that* agreement, if one was made, on which the defendant is entitled to rely in this action, and not upon the fact that a bequest was promised, or was, in fact, embodied in a will, this latter fact being pertinent and admissible only as it may lend aid in arriving at the former.

If the answer were to be treated or construed as pleading a mere gift *inter vivos,* or a promise or contract to make a gift in the future, the objection made thereto by the appellee would present a much more serious question; but such is not the nature or effect of the alleged transaction. The advancement or payment of a sum of money, in consideration of which the party receiving it obligates himself to pay the party advancing it a stated annuity or rate of interest for life, does not amount to a gift, in any sense of the word.

There is a valuable consideration furnished by the one party, for which the other assumes a valid and enforcible obligation to pay a specified yearly sum, terminable only by the death of the other party. The promise or agreement, if one was made, to leave the note by will to the defendant would, in such case, be no more than a provision by which the instrument securing the payment of the annuity or interest charge should be surrendered to defendant when the obligation of the contract should be terminated by the death of the annuitant.

The pleaded fact of family relationship between the parties, and that the transaction was influenced, in some degree, by love and affection, is pertinent, not as giving

5. PLEADING:
matters of in-
ducement.

validity to an agreement which would other-
wise be unenforcible, but as explanatory of
the circumstances under which it was
made, and affording a reason why the uncle
was willing to deal with defendants on more liberal or
more favorable terms than would ordinarily be accorded to
mere strangers, in whom he felt no interest.

We conclude, therefore, that the answer is not vulner-
able to the objection that it pleads an alleged agreement
which, upon its face, is void for want of consideration.

It follows, of necessity, that the trial court erred in
sustaining the demurrer, and in rendering judgment for
the plaintiff on the pleadings.

The judgment is, therefore,—*Reversed*.

LADD, GAYNOR, and STEVENS, JJ., concur.