L. J. KLEMM, Appellant, v. P. J. WEIL, Appellee.

**BILLS AND NOTES:** Execution and Delivery—Conditional Delivery. Statements by the payee of a promissory note, when the note is executed, to the effect (1) that maker need never pay the note, or (2) that the payee would obtain additional signers, *might* be legitimate items of evidence under a defensive plea of *conditional delivery;* but such statements do not, of themselves, constitute "representations," in a legal sense.

*Appeal from Warren District Court.*—H. S. DUGAN, Judge.

NOVEMBER 14, 1922.

ACTION upon a promissory note. The defense was that it was obtained by fraudulent representation. There was a verdict for defendant, and judgment thereon. The plaintiff appeals.—*Reversed.*

O. C. *Brown* and J. O. *Watson,* for appellant.

*J. L. Gillespie* and *F. P. Henderson,* for appellee.

EVANS, J.—The note sued on was for $1,279. It was given concededly as a renewal of a previous note for $1,250, the accrued interest being included in the renewal note. The defendant was surety for one Laughlin, both upon the original note and upon the renewal note in suit. The defendant, by his answer, admitted his liability upon the note, as pleaded by the plaintiff, unless he establish one or more of the affirmative defenses pleaded by him. These affirmative defenses were set forth in five separate divisions. They were all predicated upon alleged false representations to the effect that the plaintiff had falsely represented to the defendant that he would not have to pay the note, and that he had falsely represented that he would obtain additional sureties.

Though the divisions were five in number, they were all reducible to the two representations here stated. Each of these alleged false representations was made the basis of a separate defense.

The following quotation from the testimony of defendant is the substance of all of it in support of the first defense:

"I have just mentioned it, and he said that the note that he wanted me to sign now was the one, or was the same as the one that Mr. Laughlin had me to sign on that stock note, and he wanted me to sign this so he could put it up as collateral and borrow money on it. and told me I never need pay it."

The following quotation from defendant's evidence is the substance of all of it in support of his second defense:

"He says, 'I will get them on.' He says, 'I will.' I asked him to sign along as surety, and he says, 'I will.' He said he would sign it himself. His two sons are John and Ignatius. I asked him to have them sign along with him. He says, 'I will get them on.' After he promised that he was going to have himself and his two sons sign, I signed it."

These defenses were submitted by the court by Instructions 6 and 7, as follows:

"6. The first defense of the defendant is that, when said note was presented to him for signature, that the plaintiff represented to him that, if the defendant would sign said note, that

he, the defendant, would never have to pay said note, as the plaintiff simply wanted to use the same as collateral. And you are instructed that the burden of proof is upon the defendant to establish said defense substantially as alleged, by a preponderance of the evidence, and if he has done so, then the defendant will be entitled to a verdict at your hands; but if you fail to so find, then the plaintiff will be entitled to recover against the defendant the full amount of the note, unless the defendant has established by a preponderance of the evidence his defense as set out in the following instruction.''

''7.   The second defense of the defendant to said note is that, when said note was presented to him for signature, that it was orally agreed between plaintiff and defendant that, if the defendant signed said note, that the plaintiff himself and his two sons, John Klemm and I. Klemm, would also sign said note, as sureties with the defendant. You are instructed that the burden of proof is upon the defendant to establish the above defense substantially as alleged, by a preponderance of the evidence, and if he has done so, then the defendant will be entitled to a verdict at your hands; but if you fail to so find, then the plaintiff will be entitled to recover against the defendant the full amount of the note, unless the defendant has established by a preponderance of the evidence his defense as set out in the preceding instruction.''

Though the defendant in terms predicated his defense upon fraudulent representation, no reference was made in the instruction to the fraudulent character thereof.

Taking up the first defense, Was any fraudulent representation proved in support thereof? The evidence has some intimation of an effort to prove that the note was an accommodation note only. But such was not the defense pleaded. It was open to the defendant to have pleaded and proved, if he could, that the note was without consideration, and was an accommodation note only. This is not such a defense. The note, being concededly a renewal of a previous note, had a full consideration. It could not, therefore, be a mere accommodation note. The alleged false representation to the effect that the defendant need never pay the note was not a representation at all, in a legal sense. It was an oral contemporaneous promise,

and was as contradictory to the written undertaking of the note as it was possible to make it. *Lerch v. Sioux City Times Co.*, 91 Iowa 750; *State Bank v. Brown*, 142 Iowa 190, 196.

If there were other evidence of fraud, the making of such promise could be considered on the question of fraud; but it does not, of itself, constitute a representation, either fraudulent or otherwise.

Turning to the second defense, the evidence here also discloses a promise only, and not a representation. There were intimations in the record that the defendant had a good defense to the previous note. But no issue was tendered on such question, and no such question was submitted. Putting the two defenses side by side, they are quite incongruous. If the defendant believed himself relieved from all obligation to pay the note, what interest had he in requiring additional sureties? Why should the defendant expect the plaintiff to sign a note payable to himself as payee? If the payee had a note payable to himself by himself, it was already extinguished. The construction put upon this evidence by appellee's argument is that the defendant expected the plaintiff to *indorse* the note. What interest could the defendant signer have in such indorsement?

The argument of appellee before us is predicated upon a more plausible theory than is justified by the pleadings or by the instructions of the court. It is predicated upon Section 3060-a16 of the Negotiable Instrument Act, which is as follows:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him, is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a

valid and intentional delivery by him is presumed until the contrary is proved.''

The cases relied upon by appellee are those wherein we have applied the above section of the statute. It will be noted that this section has to do with the question of *delivery* of an instrument. It permits the maker to show that delivery of the instrument was conditional, or for a special purpose. The cases of *Herron v. Brinton,* 188 Iowa 60, and *Ball v. James,* 176 Iowa 647, involved the application of this statute. The line of demarcation between the rule which forbids the admission of contemporaneous parol evidence to vary a writing, and the rule of the statute which permits parol evidence to show the conditions upon which or the purpose for which an instrument was delivered, is a very fine one, and in order to be guarded at all, must be guarded diligently. The statute is not intended to abrogate the parol-evidence rule. In the *Herron* case, it was shown that the note was delivered and the consideration thereof paid to the maker on condition that such consideration should be used in the building of a home, and that the building of such home should be a discharge of the principal of the debt, at the death of the payee. A like question was involved in *Ball v. James,* 176 Iowa 647. The condition of delivery in that case was that the payee would make a bequest in her will in favor of the maker for the amount of the notes, and the maker would pay interest thereon during the life of the payee. That such a rule trenches closely upon the parol-evidence rule is manifest. Perception of the distinction is sometimes lost in the confusion of evidence, and the thin line is unconsciously crossed: hence, adjudicated cases become irreconcilable. For instance, in the case of *Ball v. James,* it appears from a part of the evidence that the payee of the note agreed that the principal need never be paid. This evidence has striking similarity to a part of the evidence in the case at bar. Appellee naturally contends that the *Ball* case is a precedent for the admissibility and effectiveness of such evidence. But such evidence in the *Ball* case was received as a part of the proof of conditional delivery. If the proof of conditional delivery failed, the evidence would have been wholly ineffective. It was a mere conclusion, in any event, of the result which would follow the alleged condition of the

delivery. It was not provable as a fact, independent of the conditional character of the delivery.

We do not overlook, in the case before us, that the defendant introduced evidence to the effect that other sureties were to be procured. If the fact had been that the defendant, after signing the note, delivered it to the plaintiff upon the condition that other specified sureties were to be obtained, and for the purpose of enabling the payee to obtain such sureties, it would have been open to the defendant both to plead and to prove such fact. It would be idle to plead it if he could not prove it, and ineffective to prove it if he had not pleaded it. He neither pleaded it nor proved it. In the absence, therefore, of any pleading of conditional delivery, defendant's evidence of the contemporaneous oral agreement was wholly ineffective, and the court erred in the submission of the case to the jury under the theory of Instructions 6 and 7. The judgment below must, accordingly, be reversed.—*Reversed and remanded.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ:, concur.