L. J. KLEMM, Appellee, v. J. P. LAUGHLIN, Appellee, et al., Appellant.

**BILLS AND NOTES:** Delivery—Conditional Delivery—Evidence. Evidence held insufficient to establish the conditional delivery of a promissory note.

Headnote 1:    8 C. J. p. 1052.

*Appeal from Warren District Court.*—W. S. COOPER, Judge.

FEBRUARY 17, 1925.

ACTION at law upon a promissory note, signed by the two defendants. Defense was made by defendant Weil alone. Such defense was twofold: (1) That the delivery was conditional; (2) that his signature was obtained by false representation. At the close of the defendant's evidence, the trial court directed a verdict, upon motion of the plaintiff. The defendant Weil has appealed.—*Affirmed.*

*Gillespie & Canfield* and *F. P. Henderson,* for appellant.

*J. O. Watson* and *O. C. Brown,* for appellee.

EVANS, J.—The case was before us upon a former appeal. *Klemm v. Weil,* 194 Iowa 1073. That was an appeal by plaintiff from a judgment for the defendant. On such appeal, the case was reversed and remanded. Upon such remand, the defendant amended his pleading, so as to predicate defense upon condi-

tional delivery. The conditions upon which such defense was predicated were, in substance, that additional signers should be obtained, and that·the note should be used by the plaintiff as collateral only. In support of such defense, the defendant testified that the plaintiff agreed to sign the note himself, and to procure his own two sons to sign the same. The natural purport of this evidence was to show that the note was an accommodation note only. Concededly, however, the note was given as a renewal note for a valid and subsisting note for the same amount, held by the plaintiff against the same makers. It had, therefore, a full and unimpeached consideration. Nor did the defendant assume any greater liability thereunder than his liability already existing under the prior note. This is sufficient indication from the record of the great obstacles confronting the defendant in his attempt to support his pleaded defense.

At the close of his evidence, the trial court was of the opinion that his evidence was not materially different from that given by him on a former trial. We concur in this view. On the former appeal, we held that he had neither pleaded nor proved a conditional delivery. Notwithstanding that his pleading was later amended, his proof still falls short.

In our former opinion, we gave full consideration to the record, and pointed out the infirmities of the defense. Needless that we repeat that discussion. What was said in our former opinion is, in the main, applicable to the present record. The judgment entered below is, accordingly,—*Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.