FARMERS SAVINGS BANK OF SLATER et al., Appellees, v. O. T. WEEKS, Appellant, et al.

No. 39907.

NOVEMBER 21, 1929.

 

*T. J. Mahoney* and *F. W. Ganoe,* for appellant.

*Lee, Steinberg & Walsh,* for appellees.

EVANS, J.—I.   The defendants are husband and wife.   At the time of the execution of the mortgage, they were the owners and in occupation of a farm of 240 acres, heavily incumbered.  The defendant O. T. Weeks was indebted to the Farmers Savings Bank upon a past-due note for $9,800, and was likewise indebted to the other plaintiff, Iowa Trust & Savings Bank, on a past-due note for $1,550.   On the date of the mortgage, an extension of time was granted, and new notes were given, together with the mortgage in suit.   The wife, Mary, signed the notes, as well as the mortgage.   As one of her defenses, she pleaded a discharge in bankruptcy.   This defense was recognized by the court, and no personal judgment was entered against her, nor has she appealed.   We have, therefore, to consider the defense only of the husband.   The false representations pleaded were that the representatives of the plaintiffs, when they obtained the mortgage in question, said, in substance, that they would never enforce it, as against the personal property.   Substantially the same statement or promise is relied on in the pleadings, as a condition of delivery.

At the trial, both defendants testified in support of the allegations of their answer.   The substance of this testimony was that the representatives of the two plaintiffs who solicited the mortgage repeatedly assured the husband and wife that they did not want the property; that they wanted the mortgage, to show to the bank examiner and thereby to satisfy him; that they would extend the time of payments indefinitely; and that in no event would they take the personal property.   This evidence was all received subject to objection.   A fair summary of all the

evidence on both sides would be that these representatives told the husband and wife that they must have security; that the banking department would not tolerate their carrying the unsecured paper; that they intended to be lenient to the defendants, and to give them full opportunity to pay out, by extending the time; that they had no desire to acquire the defendants' property, but wanted security only. Extension of time was given by new notes. The defendants defaulted in two successive interest payments, and defaulted in the paying of taxes, and defaulted in the payment of interest upon the first mortgage. The plaintiffs were compelled to pay the interest on the first mortgage and to pay the taxes, to protect their security. It was only after these defaults that the suit was brought. It will be seen from the foregoing that the statements attributed by the defendants to the plaintiffs' representatives were not representations of existing facts, but were promises of future action. As such, they were contradictory to the written provisions of the instrument, and were not admissible in evidence at all.

Nor can the contention be sustained as supporting the plea of *conditional* delivery. Concededly, the mortgage was then and there delivered to the payees, and was intended to go into effect,  so far as the real estate was concerned. The condition contended for was not to be precedent to delivery, but had relation to the enforcement of the instrument after delivery. A condition to delivery suspends, for the time being, the contract as a whole. It can have no effect to qualify or modify the terms of the contract as written. The performance of the condition must be precedent to the delivery. The case presented by the defendants is not one of conditional delivery at all. The gist of their contention is that the provisions of the mortgage were to be waived and qualified after delivery.

As bearing on this question, see *Klemm v. Weil,* 194 Iowa 1073, and *Hills Sav. Bank v. Hirt,* 204 Iowa 940. The district court properly rejected the evidence so far as it sought to qualify the terms of the mortgage.

II. There was some controversy in the court below over the question of appointing a receiver during the year of redemption. This controversy is referred to in appellant's brief, but is not argued therein. The record shows that, before the hearing

on the receivership, Mrs. Weeks had obtained a discharge in bankruptcy; that she had listed these two notes in suit as valid obligations owed by her; that her husband had thereafter conveyed to her all his property save his homestead; that the husband was clearly insolvent. We see no proper ground for interference with the order of the district court in granting a receivership.

The decree is—*Affirmed.*

ALBERT, C. J., and FAVILLE, DE GRAFF, and GRIMM, JJ., concur.