STATE BANK OF FORT DODGE, Appellant, v. CENTRAL FLOUR &
FEED COMPANY, Appellee, SAM RABINER, et al.

No. 44875.

NOVEMBER 21, 1939.

Mitchell & Loth, for appellant.
Edward Robinson, for appellee.

BLISS, J.—Sam Rabiner is the only defendant concerned in this appeal. The defendants and endorsers, United Sales Company, Tim Lake Laboratories, Inc., made no defense. The jury found that the defendant, Alf L. Rabiner, was not a member of the Central Flour & Feed Company.

On January 8, 1938, the United Sales Company, which we will hereinafter refer to as Adrian, and the Central Flour & Feed Company, hereinafter referred to as Rabiner, executed a written contract by which Rabiner became the exclusive wholesale jobber for 6 months, in designated counties, of certain poultry feeds distributed by Adrian. This contract was prepared by Rabiner's lawyer. The important provisions of the contract, with respect to this appeal, are the following:

"4. First party hereby agrees to furnish, provide and maintain at his own expense, without contribution from second party, at least one salesman to call on all purchasers and prospective purchasers in said territory, to solicit and take orders and do all things necessary and proper to secure and close sales for the products herein mentioned, and to co-operate in every respect with second party to the end that such products may be sold and distributed to the greatest extent possible and with the utmost possible speed. * * *

"6. In connection with the sale and delivery of said products, second party agrees to execute to first party trade acceptances or promissory notes as evidence of the purchase price. In the event second party has not sold and disposed of all such products on hand on June 1, 1938, first party, on written request, will repurchase all products then remaining unsold, at the price originally paid therefor by second party to first party. * * * "

As evidence of the purchase price of the first shipment of merchandise to Rabiner, the United Sales Company, as the seller, on January 11, 1938, drew two trade acceptances upon and against the Central Flour & Feed Company, for $282 each, payable to the order of the United Sales Company, respectively, on the 15th and 30th of April, 1938. These acceptances, Exhibits A and C, were sued upon in counts 1 and 2 of appellant's petition, and judgment was recovered on each by appellant.

The third trade acceptance, identical with Exhibits A and C, in every respect, except that the amount was $564, and it

was payable April 25, 1938, was executed on January 12, 1938. It was accepted by Rabiner on the same day. This acceptance was sued upon in count 3 of the petition, as Exhibit B, and judgment thereon was for the defendant, appellee. It is the only acceptance involved in this appeal.

In its petition, plaintiff alleged that it had acquired the three instruments from Adrian, on January 14, 1938; that two of them, Exhibits A and C had been purchased at a discount of $11.22, and the other, Exhibit B, had been taken as collateral to Adrian's note for $564. In his answer, the appellee admitted the execution of the instruments, and his acceptance thereof, but denied that they were effective, because, as he alleged, they were delivered on condition that they were to become effective only when the goods ordered reached him at Fort Dodge, and that they were never delivered.

The record shows, without dispute, that the merchandise was all received, and was sold or retained by him, and that the contract was never rescinded. Plaintiff, in its reply, denied this allegation, and alleged that it acquired each of the acceptances for value, without notice of any infirmity or condition or defense, and after consultation with Rabiner, who orally advised it that the acceptances were valid, upon which advice it relied. Rabiner amended his answer, during the trial, and alleged that plaintiff had knowledge of his contract with Adrian, before acquiring the acceptances, and that "*the pretended trade acceptances were delivered to the United Sales Co. on the condition that they were to become effective only in the event of performance of said agreement by said Sales Co.*" The amendment also claimed fraud on the part of the Sales Company in procuring the acceptances, and that delivery of the acceptances was conditioned on their not being transferred, and on other conditions.

Plaintiff moved to strike the said italicized allegation, because such condition was not provable under, and would violate the parol evidence rule, and it was inconsistent with the contract and the acceptances. The motion was denied. Plaintiff raised the same objection in its motion to direct. In overruling this motion, the court said:

"Motions to withdraw defenses are sustained, except that the court will submit the defense of delivery of the acceptances

conditioned on the performance of the contract; *and the only evidence of any breach thereof which would prevent the acceptances taking effect is as to failure to furnish a salesman on the territory. Except for that, all defenses are withdrawn from the consideration of the jury.*"

All of the issues were set out by the court in its first instruction. After stating therein the execution of the acceptances, and the negotiation thereof to the plaintiff, the court said:

"Defendants admit the execution of the acceptances by Sam ·Rabiner. They say, however, that on January 8, 1938, they entered into a certain written contract with the United Sales Co. That the acceptances were delivered to United Sales Co., upon the condition that they were to become effective only in the event of the performance of the contract. This contract contains the following provision: 'First party hereby agrees to . furnish, provide and maintain at his own expense, without contribution from second party, at least one salesman to call on all purchasers and prospective purchasers in said territory, to solicit and take orders and do all things necessary and proper to secure and close sales for the products herein mentioned, and to co-operate in every respect with second party to the end that such products may be sold and distributed to the greatest extent possible and with the utmost possible speed.' Defendants say that the Sales Company failed to perform the above quoted provision of the contract, and therefore the condition on which the trade acceptances were to become effective was not performed, and they never became valid instruments. Defendants further say that they orally notified plaintiff through its vice president, C. W. Gadd, of such condition."

The court further peremptorily instructed the jury that the acceptances were executed by the defendants; that they were complete and regular on their face; that the plaintiff bank acquired them before maturity and paid substantially full value therefor; and that the fact that it held Exhibit B as collateral, rather than as owner, did not affect the right, if any, to recover thereon.

The jury found for the plaintiff on the two acceptances,

Exhibits A and C, and for the defendant, Rabiner, on the acceptance, Exhibit B. Judgment was entered accordingly.

I. Appellant's first assignment of error is based upon the proposition that the delivery, to the appellant, of the trade acceptance, Exhibit B, could not, as a matter of law, be conditioned upon furnishing a salesman. The appellant raised this point in the court below by motion to strike the allegation from the amended answer, by motion for directed verdict, by motion for judgment notwithstanding the verdict, by requested instruction, and by motion for new trial.

The proposition, more fully stated, is this: The acceptances and the contract, themselves, preclude the claim of conditional delivery, and show that the stipulation, in the contract, for the United Sales Company to furnish a salesman, was an independent agreement, the performance of which was in the future, on which the right of the Sales Company to the trade acceptances did not depend, and could not be made to depend; that breach of an independent stipulation of the contract is no defense to paying the price for the goods received; that the contract made it Rabiner's duty to execute the acceptances unconditionally in exchange for the merchandise he was to receive, and there were no provisions in the contract making the delivery of the acceptances conditional upon the performance of this independent stipulation; that Rabiner in delivering the acceptances did just what the contract obligated him to do, and there was no consideration for a new condition of their delivery; and that the contract specified what the acceptances were to be given for, and oral evidence was inadmissible to prove that their delivery was conditioned upon something else.

The matters for determination are very largely bottomed upon facts. The record as made by the appellee very forcibly directs our attention to the inconsistent and contradictory fact statements, both in his pleadings and in the testimony of himself and his son. As heretofore noted, his first answer based the alleged conditional delivery of the acceptances, and their invalidity, upon the ground that they were "delivered on condition they were to become effective only when the goods ordered reached defendant at Ft. Dodge, and that the goods never were delivered." This was palpably untrue, as the manager of the White Line Transfer Company by his testimony, and by receipts

signed by appellee, showed the delivery of three separate shipments, on January 13, January 15, and January 18, 1938. As a witness, Rabiner admitted the receipt of all of the merchandise for which the acceptances were given, and further testified that, at the time the contract was made, "nothing was said about Adrian holding the acceptances until we got the goods." The cause went to trial on October 14, 1938, at which time the original answer had been in no way changed. During the trial, and on October 15 and 17, the answer was amended to allege that the "pretended trade acceptances" were delivered on condition that they were to "become effective only in the event of the performance of said agreement by the Sales Co." Allegations therein that the acceptances were procured by fraud, and that the acceptances were not to be negotiated, and other alleged defenses, were withdrawn by the court. As heretofore stated, the only alleged condition of delivery submitted to the jury was "performance of the agreement", and the only breach of performance submitted was the failure of Adrian to furnish a salesman.

There is no provision in the contract prohibiting either the delivery of the acceptances or their transfer or negotiation. They were negotiable instruments and regular on their face. The contract contained no condition against either delivery or negotiation. Their delivery, so far as the contract discloses, was absolutely unconditional. The court by its ruling of withdrawal held that Adrian was free to negotiate them. Rabiner sought to bring himself within the purview of section 9476, Code of 1935, by an oral agreement which he testified to, as follows:

"I told Adrian those acceptances would be given with the understanding that you live up to this contract that we give you the acceptances and they agreed they were going to hire a man to go out over the territory and sell that product to other dealers and work in cooperation with us to move the goods out."

Adrian denied any such agreement, and a Mr. Jessen who was present at the time the acceptances were given, and who heard the talk, in testifying as appellee's witness, said that he did not recall that there was any talk whatever about a sales-

man. Rabiner's son who was also present, and who was a witness, gave no testimony on the subject.

Accepting this testimony as true, it adds nothing whatsoever to the contract. It was nothing more than a verbal affirmation of Adrian that he would perform the contract as written, and on the part of Rabiner, it was as if he had said:

"I am buying these goods and executing the contract and the trade acceptances, but I expect you to perform the contract on your part."

There was nothing in the talk or the contract that made the delivery of the acceptances conditional, or for a special purpose only, and not for the purpose of transferring the property in the instruments. Instead, both the talk and the contract clearly show that the delivery was absolute and without condition, for the purpose of transferring all property rights in the acceptances to Adrian, with full right and authority in the latter to sell them, negotiate them, or put them up as collateral security. Rabiner, is shown by this record to be a shrewd business man, familiar with transactions of this kind. He knew the acceptances were payable to "the order" of the United Sales Company. Rabiner knew this meant negotiation, particularly in view of the fact, that when he asked Adrian to sell the goods on account, the latter "said he was getting financial backing— from whom he didn't say—and he would have to have these acceptances to show his bankers." Furthermore, on January 26, 1938, a week or more after Rabiner had been informed by letter from the bank, and by conversation with its vice-president, that the appellant had acquired the three acceptances from Adrian, the appellee purchased another order of goods from Adrian, under the contract, and accepted another trade acceptance therefor. It is plain, under the record, that Rabiner was looking to Adrian for any remedy for nonperformance. As Alf L. Rabiner, the son, testified:

"I was relying on the repurchase agreement. We told the bank about the repurchase agreement; *but we didn't say the acceptances were not to be any good in April, when they were due, unless they took the goods in June. We did not tell Gadd that the trade acceptances depended on that agreement.*"

In view of our conclusion, as above-stated, it is unnecessary

to pass upon the matter of notice of the alleged condition to the bank. Had an officer of the bank been shown the contract, or had he heard the alleged oral agreement of Rabiner and Adrian, he would not have been apprised of any condition attaching to the acceptances, because there was none.

Appellee's evidence to show knowledge of the alleged condition on the part of the bank, if competent, is far from convincing, and it would be putting a severe strain upon the familiar rule that believable evidence and justifiable inferences must be accepted at their face value in determining whether one resisting a motion to direct a verdict has made a case submissible to a jury, were we confronted with that situation. But it is not necessary to pass on that question.

■ If the alleged oral arrangement between Rabiner and Adrian had the effect claimed for it by the appellee, it, nevertheless, would not avail him, because in that event it would be inadmissible, as violating the parol testimony rule, since it would vary the terms of the contract, which recited that "*in connection with the sale and delivery of said products,* second party agrees to execute acceptances or promissory notes as evidence of the purchase price."

In discussing Code section 9476, in Klemm v. Weil, 194 Iowa 1073, 1077, 190 N. W. 388, 390, we said:

"It will be noted that this section has to do with the question of delivery of an instrument. It permits the maker to show that delivery of the instrument was conditional, or for a special purpose. The cases of Herron v. Brinton, 188 Iowa 60, and Ball v. James, 176 Iowa 647, involved the application of this statute. The line of demarcation between the rule which forbids the admission of contemporaneous parol evidence to vary a writing, and the rule of the statute which permits parol evidence to show the conditions upon which or the purpose for which an instrument was delivered, is a very fine one, and in order to be guarded at all, must be guarded diligently. *The statute is not intended to abrogate the parol-evidence rule.*" (Italics ours.)

To the same effect see Farmers Savings Bank v. Weeks, 209 Iowa 26, 28, 227 N. W. 508, and Versteeg v. Hoeven, 214 Iowa 92, 104, 239 N. W. 709.

We do not find it necessary to pass upon other errors assigned for reversal. Appellant's motion for a directed verdict

on count 3 of the petition should have been sustained and judgment for the appellant entered thereon. Under the record herein the judgment of the trial court is reversed and remanded with directions to enter judgment in conformity herewith.—Reversed and remanded.

HALE, SAGER, HAMILTON, STIGER, and MILLER, JJ., concur.

MITCHELL, J., took no part in the determination of the case.

OLIVER, C. J., and RICHARDS, J., concurring in part:

We concur in the foregoing decision, except the portion thereof directing the entry of judgment upon remand.