WAUKEE SAVINGS BANK, Appellant, v. HARRY M. JONES, Appellee.

EVIDENCE: Parol as Affecting Writing—Conditional Delivery—
1  Bills and Notes. Parol evidence is competent to show that a negotiable promissory note was delivered with the agreement and on the condition that it was not to become a binding obligation until the happening of a certain event or contingency, and that such event or contingency has never happened.

BILLS AND NOTES: Delivery—Conditional Delivery—Wrongful
2  Negotiation—Effect. No recovery may be had on a negotiable promissory note, wrongfully negotiated in violation of a conditional delivery, *except by a holder in due course.* (See Sec. 3060-a16, Code Supp., 1913.)

BILLS AND NOTES: Holders in Due Course—Tainted Note—Bur-
3  den of Proof. Proof that a note was, in its inception, tainted with fraud, throws the burden of proof upon the holder to make affirmative showing that he is a holder in due course.

**TRIAL:** Instructions—Applicability to Evidence—Imposition of Undue Burden. It will be presumed that the jury applied the instructions to the evidence actually before them, not to possible evidence not before them. So held where the court instructed the jury that a plaintiff bank would not be a holder of the note in question in due course if, before discounting the note, any of the *officers* had actual notice of the fraud attending the note, the record evidence showing that the cashier was the only *officer* having anything to do with the transaction.

**TRIAL:** Instructions—Applicability to Pleadings—What Constitutes Withdrawal of Pleading. An instruction that only one of three defenses (pleaded in as many counts) is submitted to the jury, does not necessarily constitute a *withdrawal of the pleading which raises the rejected issues.* The pleadings of the two counts raising the rejected issues may so far supplement the pleadings of the other count as to afford basis for the issue actually submitted.

**TRIAL:** Instructions—Construction and Operation—Failure to Establish Defense. A request by plaintiff that the court instruct that a named defense has not been established is, in effect, a request that the court withdraw such issue from the jury.

**APPEAL AND ERROR:** Right of Review—Estoppel and Waiver—Rejecting Issues—Expunging Evidence. Upon the submission of one issue to the jury and the rejection of other issues, if the party in whose favor the ruling is made desires to free the record of the evidence bearing on the rejected issues, he should so request the court.

**BILLS AND NOTES:** Delivery—Conditional Delivery—Evidence. On the issue whether a note given for land had been delivered on the condition that it should not be considered an absolute obligation until the happening of a named event, and that such event never happened, evidence is competent: (a) that the maker of the note never received any deed to the land; and (b) that the payee of the note conveyed the land to another.

**APPEAL AND ERROR:** Reservation of Grounds—Sufficiency. That a conversation between the plaintiff, holder of a note, and the maker of the note, *subsequent* to the purchase of the note by the plaintiff, does not tend to establish notice to plaintiff of infirmities in the note before the purchase, is not embraced in the objection that such conversation is irrelevant, immaterial and incompetent.

*Appeal from Dallas District Court.*—W. H. FAHEY, Judge.

SATURDAY, OCTOBER 28, 1916.

REHEARING DENIED MONDAY, JANUARY 22, 1917.

ACTION upon a promissory note for $1,784, dated June 21, 1913, by its terms due January 1, 1914. The note was executed by defendant, and payable to Star Land Company. It was indorsed in blank before maturity by the payee, and discounted by plaintiff bank. There was a trial to a jury, and verdict and judgment for defendant. Plaintiff appeals. —*Affirmed.*

*Dale & Harvison* and *D. H. Miller*, for appellant.

*Dingwell & Clarke*, for appellee.

PRESTON, J.—The petition sets out a copy of the note, and alleges its execution June 21, 1913, and alleges further that thereafter, and long prior to the maturity of said note, the plaintiff discounted said note and the same was duly assigned, transferred and delivered to it by indorsement thereof; that plaintiff now is, and at all times since the discount thereof has been, the owner and holder of said note.

The answer was in three counts. The first alleges, substantially, that the note sued on is one of four notes provided for in a written contract for a deed for land, which, together with a contemporaneous verbal contract, constituted the entire transaction between this defendant and the Star Land Company; that the said note has never been legally delivered to the said Star Land Company, for the reason that it was agreed by and between defendant and said land company that the note was turned over to the land company by defendant wholly upon the condition that defendant was to have until September 1, 1913, to determine whether or not the delivery of the said note should be completed, and

whether or not the transfer of the note should be absolute; that it was verbally agreed by and between defendant and the land company that the transfer of the note to the land company by defendant was not for the purpose of transferring the property in the note, and that the note should be subject to revocation by defendant for any reason on or before the 1st day of September, 1913, and, more particularly, that it was to be subject to revocation by defendant if defendant should be unable to procure a certain sum of money specified by him in the verbal agreement before September 1, 1913; that defendant was unable to obtain the sum of money specified, and, prior to September 1, 1913, he notified the land company that he would not complete the contract, and notified it of his intention to revoke the same, and requested that the note be delivered to him for cancellation, but that the company refused to comply with his request. Defendant further alleges that, in violation of the agreement made in parol, the said Star Land Company transferred the said note to plaintiff herein, in fraud of defendant's rights as agreed upon in the parol agreement herein specified. Count 2 alleges in detail false and fraudulent representations made to defendant by the Star Land Company before the note was signed, and to induce him to sign the same, which would be a complete defense to the note in the hands of the land company and in the hands of plaintiff, unless plaintiff was an innocent holder. The third count alleges that the written contract for the sale of the land provided that it was made subject to the disapproval of the owner of the land, and that, if the owner should disapprove, then the contract should be null and void, in which event all payments and notes were to be returned to the purchaser; and defendant alleges that, because of the said contract's being subject to the disapproval of the owner, there was a failure of consideration, and then alleges that the cashier of plaintiff bank, before obtaining the note in

question, had knowledge of the conditions under which the note was signed, and was informed of the fact that defendant did not intend to carry out said contract and pay the note, and was informed by defendant of the verbal part of the contract before set out, and knew of the infirmities and conditions attached to the instrument, and was informed by defendant that he had been unable to procure the sum of money specified, and that he had demanded the return of the note; that plaintiff bank obtained the note without paying value for it, was not a good-faith purchaser and was not a bona fide holder thereof, and did not obtain the note in due course. Defendant prayed that the petition be dismissed, and that the note be held to be void, and delivered to defendant for cancellation.

Plaintiff filed no reply to the answer. The errors assigned relate to the instruction by which it is claimed by plaintiff that the court withdrew Counts 2 and 3 of the answer without withdrawing the evidence which had been introduced in support thereof, and the instruction in regard to notice to the bank of the defense set up by defendant, and that the court erred in admitting evidence over plaintiff's objection. We shall endeavor to take up the different propositions in the order of importance as indicated by the arguments, rather than in the order in which they have been argued.

1. As before indicated, it was claimed by defendant that the contract between defendant and the land company was partly in writing and partly by a contemporaneous oral contract, and that the parol part of the contract was, substantially, that the note was delivered upon condition that the defendant would be able to raise money by September 1, 1913; that he was unable to obtain the money; and that the land company negotiated the note to plaintiff in fraud of defendant's rights. There was evi-

1. EVIDENCE: parol as affecting writing: conditional delivery: bills and notes.

dence introduced, over plaintiff's objection, which sustained the defendant's claim, and authorized the jury to so find, if the evidence is competent.

It is contended by plaintiff that the note is a plain, complete and unambiguous contract containing an unqualified promise to pay, and that the parol testimony is a contradiction of the note, and therefore incompetent. There is no question, of course, as to the general rule that parol testimony is not admissible to vary or contradict the terms of a writing. Plaintiff cites *Miller v. Morine,* 167 Iowa 287; *Blumer v. Schmidt,* 164 Iowa 682; *Cochran v. Zachery,* 137 Iowa 585; *Mosnat v. Uchytil,* 129 Iowa 274; *Western Electric Co. v. Baerthel,* 127 Iowa 467. We shall not review these cases, but content ourselves with stating that these were all cases where the parol testimony sought to be introduced contradicted or varied the terms of the writing, or added to or took from or specifically changed the terms of the writing. On the other hand, it is contended by appellee that a parol contemporaneous agreement may be proven in connection with a written contract if it does not vary the terms of a writing, and that there may be a conditional delivery of a note, as alleged in this case, and that such condition may be shown by parol. To sustain these propositions, they cite Section 3060-a16, Code Supp., 1913; *Larson v. Sequin,* (S. D.) 149 N. W. 174; *Oakland Cemetery Assn. v. Lakins,* 126 Iowa 121; *McCormick Harv. Machine Co. v. Morlan,* 121 Iowa 451; *Selma Sav. Bank v. Harlan,* 167 Iowa 673; *Murdy v. Skyles,* 101 Iowa 549; 9 Encyc. of Evidence, 353. See, also, *Hinsdale v. McCune,* 135 Iowa 682.

2. BILLS AND NOTES: delivery: conditional delivery: wrongful negotiation: effect.     Appellee also contends that, because the delivery of the note was conditional, a subsequent transfer in violation of the condition would be a good defense as against the payee, and, that defense being shown, the burden is on

the holder of the note to show that he has acquired the instrument in due course, citing *Iowa Nat. Bank v. Carter,* 144 Iowa 715; *Cox v. Cline,* 139 Iowa 128; *Merchants Nat. Bank v. Grigsby,* 170 Iowa 675; *Hinkley v. Sac Oil Co.,* 132 Iowa 396. And they say, also, that the burden was upon appellant, holder of the note, tainted with fraud in its inception, to show that it was a bona fide holder in due course, without notice of the defects or infirmities. *Farmers & Merch. St. Bank v. Shaffer,* 172 Iowa 173; *Bank of Bushnell v. Buck Bros.,* 161 Iowa 362; *McNight v. Parsons,* 136 Iowa 390.

As said, appellee introduced testimony to sustain his claim as to the parol contract and that it was understood that the writing should not be delivered or considered to be in force until September 1, 1913. The note in question was negotiated before that date, sometime in August, 1913. The rule of the cases, stated briefly, is to this effect: That parol evidence is admissible to show that an instrument was never in fact delivered as a present contract, unconditionally binding, according to its terms from the time of delivery, but that it was delivered to become an absolute obligation upon the happening of a certain event or contingency, and that such event or contingency had never occurred. The holdings are that such evidence does not contradict or vary the terms of the written contract, but tends to show that the instrument has never had any legal force rendering it valid and binding as between the parties. This is the rule of our own cases.

There is nothing in Section 3060-a16, Code Supp., 1913, to sustain appellant's contention that the evidence is incompetent. On the contrary, it provides in part as follows:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a

holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument."

It is true, of course, that appellant would be protected if it is an innocent holder in due course without notice. We are of opinion that the evidence was competent and properly admitted, and is a complete defense, unless it be shown that plaintiff is an innocent holder.

2. It should be remembered that ap-

**3. BILLS AND NOTES: holders in due course: tainted note: burden of proof.** pellee's claim is that two frauds were practiced upon him: First, the false representations by the land company, inducing the execution of the note and contract; and, further, that the land company agreed in parol and as a part of the entire contract that the delivery of the note was upon condition, and that they negotiated the note in fraud of defendant's rights. If the note was shown to have been tainted with fraud in its inception, then the burden was upon the plaintiff to show that it was a bona fide holder in due course, without notice of the defects or infirmities, and that it took the note in good faith. See cases before cited. There was evidence that the cashier,

**4. TRIAL: instructions: applicability to evidence: imposition of undue burden.** before he took the note, had notice of the parol contract and the condition. Counsel for appellant complain of the instruction of the court at this point, but we think it was correct as applied to the facts in this case. The instruction states, in part:

"That, if prior to acquiring said note, any of the officers of the plaintiff bank had actual notice of the facts and circumstances now relied upon by defendant as a defense to said note, then plaintiff is not a holder in due course."

Also:

"What knowledge the officers of plaintiff bank had is for you to determine from the evidence that has been offered upon the trial."

The evidence related to notice to the cashier, and clearly the jury could not have been misled by the instruction. They would understand that the court had reference to the evidence that was introduced. The cashier is the officer of the bank who purchased the note of the land company.

3. It is contended by appellant that the court erred in giving Instruction 7. This instruction is quite lengthy, and we shall not set it all out, as only a part of it is complained of. The part objected to, after referring to the defendant's claim in regard to the parol contract as set out in Count 1 of the answer, recites:

5. TRIAL: instructions: applicability to pleadings: what constitutes withdrawal of pleading.

"This is the only defense pleaded by defendant to said note that is submitted to you."

And then proceeds to instruct the jury as to the law in regard to this matter: that if, at the time the note was executed and delivered to the land company, it was agreed in parol as claimed by defendant, then defendant had the right to revoke the contract and receive the return of the note, and that a failure to do so would constitute a defense, unless plaintiff established that it was a holder of the note in due course. This is only the substance of the instruction. Appellant's thought is that Count 1 of the answer contained nothing on the subject of plaintiff's being a bona fide holder of the note, and that there was no general denial in Count 1; that the court otherwise instructed on the question of plaintiff's being a good-faith holder of the note, and thereby submitted, as appellant contends, an issue not arising in the case. It is also complained by appellant, in reference to this, that the court erred in submitting the first count of the answer alone, without withdrawing from

the consideration of the jury the evidence which had been introduced in support of the other count or counts of the answer. It is thought that the court should have instructed the jury not to consider any of the evidence admitted except that relating to the issue of defendant's alleged right to revoke or cancel the note before September 1st. The petition, before set out, does not allege that plaintiff was an innocent holder in due course without notice. Defendant's claim that plaintiff was not a holder in due course is not, strictly speaking, a defense, but has to do with the question as to whether plaintiff was an innocent holder in due course, and if it was not such, has the effect of letting in a defense the maker may have had against the payee of the note. One count of the answer, but not the first, did allege that plaintiff was not a bona fide holder in due course. We think it cannot be fairly claimed that the court, by saying that the defense set up by defendant in the first count is the only defense pleaded which is submitted to the jury, did more than to say that the defense as to the false representations had not been made out. As we construe Count 3, before set out, it would appear that substantially all of that applied to the question as to whether plaintiff took the note with knowledge of all the conditions, including those set out in Count 1. The fact is that even the prayer of the answer as set out in the abstract appears to be a part of Count 3, but it clearly applies to all the defenses.

6. TRIAL: instructions: construction and operation: failure to establish defense. Furthermore, the plaintiff offered instructions to the effect that the evidence in the case fails to sustain the allegations of fraud set out in the answer; and that there is no testimony as to the value of the tract of land in controversy, or that the defendant has suffered any injury or damage because of the said fraudulent representations of the agent of the land company; and that, therefore, the verdict must be for plaintiff for the amount of the note. Thus,

the plaintiff, by the offered instructions, asked. the court to withdraw the defenses which the court did withdraw.

Furthermore, in regard to appellant's contention that the court should have instructed the jury not to consider any of the evidence except that relating to the defendant's right to revoke or cancel the note, it should be noted that the plaintiff did not by motion ask the court to exclude evidence as to the fraud or false representations, and did not offer an instruction requesting the court to withdraw such evidence. The fact of the matter is, as appears from the record, that the case was tried mainly upon the theory in regard to the parol contemporaneous agreement, and not so much on the question of the false representations.

7. APPEAL AND ERROR: right of review: estoppel and waiver: rejecting issues: expunging evidence.

4. Appellant complains that the court erred in permitting defendant to answer questions as to whether he had received a deed of conveyance to the land he had contracted to purchase, and as to whether he had ever conveyed said land. We think this was competent, as showing that the land company recognized the fact that the contract between it and the defendant had been repudiated by defendant, and that he had elected not to go forward with the contract.

8. BILLS AND NOTES: delivery: conditional delivery: evidence.

5. And for the same reason, evidence that the land company had itself conveyed the land to another was proper.

6. The plaintiff purchased the note, August 5, 1913. Evidence was admitted as to a conversation between defendant and the cashier of plaintiff bank soon after that date. The objection now made is that this has no tendency to establish notice to plaintiff before the acquisition of the note in suit. But that objection was not made in the lower court. The only objection was that it was immate-

9. APPEAL AND ERROR: reservation of grounds: sufficiency.

rial, irrelevant and incompetent. Furthermore, we do not understand that it was offered for that purpose. It was a conversation between plaintiff's cashier and the defendant, in which the bank was demanding payment and the defendant was refusing to pay, and stated that he had told him about the note before. And in this conversation the cashier threatened to sue the defendant. There seems to have been some feeling between the parties at this time, for defendant says, "I got real mad and walked out."

There is no prejudicial error, and the judgment is— *Affirmed.*

DEEMER, WEAVER and EVANS, JJ., concur.