S. KLINE, Appellant, v. JAMES E. REEDER, Appellee.

TRIAL: Dockets—Method of Trial—Law (?) or Equity (?) An action
1 which is treated in the trial court as at law will be so treated on
appeal, even though the pleadings and filings therein are indorsed as
in equity. (See Book of Anno., Vol. 1, Sec. 11433.)

BILLS AND NOTES: Delivery—Conditional Delivery. Principle recog-
2 nized that the delivery of a promissory note may be shown to have
been conditional, or for a particular purpose. (See Book of Anno.,
Vol. 1, Sec. 9476.)

Headnote 1: 3 C. J. p. 724. Headnote 2: 22 C. J. p. 1153.

Headnote 2: 20 A. L. R. 424; 3 R. C. L. 861, 862.

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

MARCH 15, 1927.

Action on a promissory note. From a judgment by the court
in favor of defendant plaintiff appeals.—*Affirmed.*

*S. G. Pickus,* for appellant.

*Sam Page,* for appellee.

ALBERT, J.—At the time in controversy herein, there existed
in Sioux City a corporation named the "Tri-State Battery Com-
pany," of which one Brackney and appellee, Reeder, were offi-
cers and Kline, appellant, was a stockholder. This corporation
was in financial distress, and the three named parties met, to
discuss the needs of the corporation. It is the contention of
appellee that at this meeting an agreement was made that each
of the three named parties should advance $1,000 to the corpo-
ration, and that for the $1,000 advanced by Kline, he was to have
a chattel mortgage on certain parts of the property of the cor-
poration. The evidence shows that Kline had, on various occa-
sions, loaned money to the corporation, and in each instance had
taken security from the corporation, and that the debts thus cre-
ated by the corporation in Kline's favor had all been taken care
of and disposed of at the time these three parties met. Kline

strenuously insists that there was no agreement whatever that he was to advance the $1,000 to the corporation, as above stated. On the 2d day of February, 1922, Kline executed his personal check, payable to Reeder, for $300. Later, in July following, Reeder executed his promissory note to Kline for $300, and this is the note sued on herein. Reeder claims that this $300 was a part of the $1,000 to be advanced by Kline, and that he (Reeder) turned the money over to the corporation. Kline did advance $700 to the corporation at different times, and received a chattel mortgage on part of the property of the corporation therefor, but this $300 was not included therein. Kline insists that this note represented a personal loan to Reeder, and Reeder insists that the debt is the debt of the Tri-State Battery Company, and not his personal debt.

Roughly stated, these are the issues. The action was tried at law, and the jury waived, and the court found in favor of appellee, Reeder.

While the printed matter filed herein designates this to be "in equity," the petition is the ordinary action "at law," to recover on a promissory note. The answer seeks to avoid by

1. TRIAL: dockets: method of trial: law (?) or equity (?)

showing that the debt evidenced by the note was not the debt of Reeder, but that of the Tri-State Battery Company. No motion seems to have been filed to transfer the case to equity; and, as it was stipulated that the jury should be waived and the case tried to the court, we conclude, as above stated, that the action was at law.

Appellant seeks to avail himself of the well-known rule that parol evidence is not admissible to contradict or vary the terms of this note, and insists that, as the same is payable by Reeder,

2. BILLS AND NOTES: delivery: conditional delivery.

it cannot be shown by parol evidence that it was in fact to be paid by the Tri-State Battery Company. If the rule be assumed to be applicable, such contention is not available to appellant, because no objection whatever was made to any of the testimony in the case. More than this, under Section 9476, Code of 1924, it is provided, with reference to negotiable instruments, that delivery may be shown to be conditional, or for a special purpose only. We have construed this section in *Selma Sav. Bank v. Harlan*, 167 Iowa 673; *Waukee Sav. Bank v. Jones*, 179 Iowa 261. Such seems to have been the rule in Iowa prior to the passage of the aforesaid

section of the Negotiable Instrument Act. *Sutton v. Griebel,* 118 Iowa 78, and cases cited; *McCormick Harv. Mach. Co. v. Morlan,* 121 Iowa 451.

The material questions at issue here under the evidence all being disputed questions of fact, the decision of the presiding judge, under the circumstances, has the force and effect of a verdict by the jury, and we have no right to disturb the same, except in cases where proof is wholly lacking. We might say, in passing, that the weight of evidence, however, does support the finding of the court.—*Affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.