JOHN VERSTEEG, Receiver, Appellee, v. BEN HOEVEN, Appellant, et al.

No. 40255.

November 18, 1930.

Opinion on Rehearing December 16, 1931.

Rehearing Denied March 8, 1932.

Van Oosterhout & Kolyn, for appellant.

G. C. Murray and T. E. Diamond, for appellee.

Kindig, J.—The defendant John J. DeBruin, until November 20, 1920, owned and operated an implement business in Hospers, Iowa. On that date, DeBruin, finding himself indebted to various creditors in the amount of approximately $25,000, asked his brother-in-law, Ben Hoeven, the defendant-appellant, for financial aid. Appellant agreed in writing to assist the defendant John J. DeBruin to the extent of $25,000 upon the condition that certain properties be turned over to, and named security given, him. That is to say, appellant demanded: First, a note of $25,000, signed by the defendants, John J. DeBruin and his wife, Hattie DeBruin; and, second, that the foregoing note and mortgage be secured: (a) by a mortgage on the stock of implements, warehouse, and shop in Hospers; (b) by a mortgage on certain lots in that town; and (c) by the assignment of a second mortgage upon 239 acres of land in Sioux County,

owned by John J. DeBruin and Kryn DeBruin. Kryn DeBruin approved the foregoing contract so far as it concerned his interest in the second mortgage on the Sioux County farm.

In addition to the foregoing, and as a part of the same transaction, the defendant John J. DeBruin turned over to the appellant, for the purposes of security, all notes and accounts belonging to the foregoing hardware store, including the following: First, the note in suit, signed by A. Van de Berg, for $1,300, due December 1, 1921; and, second, a note signed by Peter Vos in the amount of $1315, due January 25, 1921. An accounting was provided for under the aforesaid written stipulation between appellant and the DeBruins. After the arrangement above named was thus made, the appellant commenced settling John J. DeBruin's obligations. While so doing, appellant found that among the debts to be liquidated for John J. DeBruin was a note of $3,041.80, held by the Citizens Bank of Hospers, a copartnership composed of W. M. Smith and F. E. Frisbee. Hence, appellant, together with one Collman, cashier of the First National Bank, at George, Iowa, went to the Citizens Bank of Hospers for the purpose of satisfying John J. DeBruin's obligation on the aforesaid $3,041.80 note. For the purpose of negotiation, appellant, upon this occasion, took with him the above-named Van de Berg and Vos notes, which he had received from the hardware store in the manner and way previously explained. Both the Van de Berg and Vos notes were endorsed by John J. DeBruin when the same were turned over to appellant for the purposes of liquidating the business. These notes, that is, the Van de Berg and Vos paper, were offered the Citizens Bank in satisfaction of the John J. DeBruin note of $3.041.80, held by that financial institution. Following some preliminary negotiations, the bank agreed to accept the Van de Berg and Vos notes in satisfaction of the John J. DeBruin $3,041.80 note, upon the following conditions: First, that appellant pay in cash the difference between the John J. DeBruin note, held by the bank, and the Van de Berg and Vos notes, which was $471.96; and, second, that appellant endorse both the Van de Berg and Vos notes.

Further discussion was had, and appellant finally agreed: First, to endorse the Van de Berg and Vos notes; and, second, to execute to the bank his own individual note for $471.96.

There is a dispute, hereinafter discussed, concerning the conditions under which the endorsement was made, but appellant endorsed the Van de Berg and Vos notes and delivered them to the bank, together with his own note for the said sum of $471.96. Thereupon, the bank endorsed the John J. DeBruin note for $3,041.80 and delivered it to the appellant.

Thus the matters remained for a considerable length of time. Later the bank went into insolvency, and John Versteeg, the appellee, was appointed its receiver. During the same period, John J. DeBruin became mentally incompetent, and Hattie DeBruin, his wife, was duly appointed guardian of his property. Likewise, during this time, the Vos note was fully paid to the Citizens Bank, but the Van de Berg note has not been paid. Consequently, the present suit was instituted by appellee, as receiver of the Bank, to collect from appellant, as endorser on the Van de Berg note, the amount thereof together with interest and costs.

Many defenses were interposed by appellant. They are these, so far as material: First, that his endorsement was placed on the note with the bank's agreement that there never would be personal liability; second, that the endorsement was for the bank's accommodation only; third, that the endorsement was thus placed by appellant on the condition that the bank's endorsement of the John J. DeBruin $3,041.80 note constituted a set-off; and, fourth, that because of the bank's endorsement on the said John J. DeBruin note, the appellant has a counterclaim against his liability under his endorsement on the note in suit. A reply to this answer and counterclaim was filed by the appellee.

By an agreement of the parties, a jury was waived and the cause tried to the district court as a law action. As before said, that tribunal entered judgment in appellee's favor. From this action, the appeal was taken.

Although five grounds for reversal are set forth by appellant in his brief and argument, yet really two propositions are contained therein. These are that the district court erred in holding: First, that the John J. DeBruin note of $3,041.80, formerly held by the bank, was paid before the commencement of this action; and, second, that certain testimony offered by appellant relative to the facts and circumstances surrounding

the endorsement of such note was improperly excluded. Therefore, the appellant asks for a new trial.

■ I. Did the district court erroneously hold that the John J. DeBruin $3,041.80 note, formerly held by the Citizens Bank, had been paid and discharged before the commencement of the present action? This is the first question raised by appellant on his appeal.

Underlying appellant's theory at this juncture is the thought that if the John J. DeBruin $3,041.80 note is not discharged, the Citizens Bank's endorsement may be asserted as a defense against the appellee in this suit. Was such discharge of the note effective? Appellant admits the bank's endorsement thereon is useless to him as a defense unless the instrument is endorsed in such a way as to give it life after satisfaction, so far as the endorser and appellee are concerned. Manifestly, the record justified the district court in finding that the note had been paid and discharged, so far as John J. DeBruin is concerned. Demonstration of this fact can be made by a brief review.

It is here recalled that the agreement between John J. DeBruin and appellant required the latter to satisfy the former's obligation in an amount not exceeding $25,000. Under that stipulation, appellant commenced the above described negotiations with the Citizens Bank. As a result thereof, he delivered the Van de Berg and Vos notes, formerly owned by John J. DeBruin, to the bank in return for said $3,041.80 note. Assuming that this $3,041.80 note had not been discharged, so far as John J. DeBruin and appellant are concerned, before an accounting was had between them under the above liquidation contract, yet a subsequent accounting did fully satisfy and terminate the same before the institution of this suit. John J. DeBruin desired the discharge of the obligation evidenced by that note. Such was the very purpose of his contract with appellant. So, when appellant transferred the Van de Berg and Vos notes and received in return therefor the instrument in question, the obligation was terminated unless in the accounting John J. DeBruin would be permitted to repudiate the transaction. That is true because after an accounting approving appellant's action, John J. DeBruin would no longer owe an obligation to the Citizens Bank under the $3,041.80 note. Possibly John J. DeBruin thereafter might be liable to the Citizens Bank because

of his endorsement on the Van de Berg and Vos notes, but such responsibility would be independent of and separate from his debt under the $3,041.80 note. Clearly, the district court was fully justified, under the facts and circumstances, in holding that the Citizens Bank, in receiving the Vos and Van de Berg notes from appellant together with the latter's own note for $471.96, fully satisfied and discharged the John J. DeBruin note of $3,041.80, subject to the contemplated accounting. Everything in the record supports this view. The district court under the record could well find that the satisfaction of the $3,041.80 note by the bank in the transaction described was not conditional but absolute. At least, the only condition would be the approval of appellant's action at the accounting. Dependence was made by the bank, not upon a future rescission of the exchange transaction, but on the endorsements of appellant and John J. DeBruin on the Van de Berg and Vos notes. All this is fully supported by the facts and circumstances in the record.

Consequently, if, under an accounting, the transaction between appellant and the bank was fully approved by or for John J. DeBruin, the settlement is final and the note fully satisfied. There was such an accounting before the commencement of the present suit. On July 23, 1924, after the transfer of the notes above related, the defendant Kryn DeBruin commenced an action in the district court of Sioux County against the appellant and the defendants, Hattie DeBruin, John J. DeBruin, and Hattie DeBruin, Guardian of John J. DeBruin, asking that appellant account for his various actions under the aforesaid contract to liquidate John J. DeBruin's debts. Kryn DeBruin, it is to be remembered, was a party to that agreement and therefore entitled to ask for an accounting. An alleged accounting was furnished in that proceeding by appellant through the answer filed by him. Not being satisfied therewith, the defendant Kryn DeBruin asked for more details, and in an amendment to his answer appellant furnished the same. In his account, appellant, upon that occasion, claimed as a credit the $3,041.80 note of John J. DeBruin obtained from the bank. Obviously the only way in which that item could be allowed as a credit was on the theory that John J. DeBruin's obligation with the Citizens Bank terminated and ended through the transfer of notes before named. Otherwise appellant would have no right to in-

sist on the credit. His obligation was to satisfy John J. De-Bruin's debts. Said note of $3,041.80 was one of the debts. Hence, appellant could have no credit for discharging that obligation unless the same was fully satisfied and terminated. Thus it is apparent that the district court had before it sufficient evidence to make a finding that the note was paid. It is to be recalled that this is a law action, and there was substantial evidence to support the finding of the district court. Resultantly we cannot interfere with its conclusion in this regard.

Appellant, therefore, is not entitled to a new trial because of this finding.

■ II. As a result of our conclusion in this respect, appellant, under the issues raised on the appeal, cannot avoid the judgment rendered against him unless it be for the reason that the district court erred in excluding certain testimony offered by him. Such testimony, according to the agreed stipulation of the parties is as follows:

"When I (appellant) produced the said customers' (Van de Berg and Vos, aforesaid) notes and offered to turn them over to Smith & Frisbee (the Citizens Bank) in the exchange for the John J. DeBruin note, Exhibit '1' (the note for $3041.80), Mr. Smith (one of the bank partners, aforesaid) asked me (appellant) to place my endorsement on the customers' notes (Van de Berg and Vos notes which appellant received from the John J. DeBruin hardware business, as before explained) which had already been endorsed by John J. DeBruin. I (appellant) at first stated I would not do this. Then * * * Mr. Collman (President of the First National Bank of George, before mentioned) who was present there with us, said that would be all right if Mr. Smith, on behalf of Smith & Frisbee (the Citizens Bank) would also endorse the $3041.80 note, exhibit '1' (the John J. DeBruin note) and deliver same to me (appellant), and that then their endorsement on the note which I (appellant) held would stand as an offset against my endorsement on the notes (the Van de Berg and Vos notes), which I was turning over to them (the Citizens Bank). Thereupon I placed my endorsement on the customers' (Van de Berg and Vos) notes and delivered them to Mr. Smith for the Citizens Bank, and he (the

Citizens Bank) endorsed John J. DeBruin's ($3,041.80) note and delivered it to me (appellant).''

The objection interposed by appellee to the introduction of that testimony is to this effect: That the ''testimony is incompetent, irrelevant, and immaterial, and for the further reason that same is an attempt to add to, vary, modify, and alter by parol evidence the terms of a written contract, to wit: the full endorsement upon each of the respective notes (the Van de Berg and Vos notes) hereinbefore referred to, and particularly the full endorsement of the defendant Ben Hoeven (appellant) upon the note (the Van de Berg note) now in suit.''

This objection was sustained by the district court. That ruling of the court, appellant contends, is error.

According to appellant, the foregoing testimony should have been admitted for the purpose of showing that the John J. De-Bruin $3,041.80 note was endorsed by the bank in such a way as to give it life, so far as the endorser and appellee are concerned, even after the discharge of the maker (John J. DeBruin). Was the evidence admissible upon that theory? Clearly not.

Although appellant urges many propositions, a fair enumeration of his contentions is that the evidence was admissible to show: (a) an accommodation endorsement; (b) an inducement and conditional delivery; (c) delivery for a special purpose; (d) a reissuance of the John J. DeBruin $3,041.80 note after the discharge thereof by payment; and, (e) the endorsement showing the Bank's liability as guarantor on that note regardless of the maker's discharge.

Of course, it is permissible, under proper circumstances, to introduce oral testimony for the purpose of showing an inducement and a conditional delivery. Selma Savings Bank v. Harlan, 167 Iowa 673. See also Ball v. James, 176 Iowa 647; Mason v. Cater, 192 Iowa 143; City National Bank v. Mason, 192 Iowa 1048; Thompson v. Finch, 196 Iowa 1013. Likewise, it may be shown by parol evidence that a written instrument is delivered for a special purpose only: for instance, the security of a debt. Herron v. Brinton, 188 Iowa 60. So too oral testimony may be admitted in order to prove that a written instrument was delivered to evidence and secure another obligation. Security Savings Bank v. Hambright, 195 Iowa 1147; Banwart v. Shullen-

burg, 190 Iowa 418. Nevertheless oral evidence may not be introduced to nullify, modify, or change the character of the written obligation itself. Klemm v. Weil, 194 Iowa 1073. See also Herron v. Brinton (188 Iowa 60), supra; Security Savings Bank v. Hambright (195 Iowa 1147), supra; Banwart v. Shullenburg (190 Iowa 418), supra. That is the rule regardless of whether the written contract is a negotiable instrument or an ordinary agreement. Dolan v. Danbury State Bank, 207 Iowa 597; Cox v. Fleisher Construction Co., 208 Iowa 458.

Nothing in Hill v. May, 205 Iowa 948, cited by appellant, is inconsistent with this statement. A reading of the Hill case will disclose the fact that the parol evidence rule was not there discussed, but was expressly eliminated from the consideration. Had the parol evidence rule been raised, a discussion thereof in the Hill case would have followed. Tested by the foregoing rules, was the offered testimony in the case at bar admissible for the purposes claimed by appellant? Those propositions will now be considered in the following order:

First: There is absolutely no statement or inference in the offered testimony to sustain appellant's claim that his endorsement on the note in suit was for accommodation only. Further discussion of this phase of the subject therefore is obviously unnecessary.

Second: Nevertheless, appellant urges that the evidence was admissible to show inducement and that his endorsement on the note in question was conditional only or for a special and limited purpose. While discussing these questions, we are assuming without deciding or indicating that an endorsement could be delivered conditionally when the instrument containing it was delivered absolutely.

Obviously there is nothing in the offered testimony indicating the existence of an independent oral agreement which induced appellant to endorse the note now sued upon. Both the Citizens Bank and appellant beyond doubt intended, under the offered testimony, to have the endorsements effective on the respective instruments. Whatever protection was to be afforded appellant by the Citizens Bank's endorsement on the John J. DeBruin $3,041.80 note, according to the evidence offered, arose under the written contract thereby created. Nothing else was contemplated under the rejected evidence. At no place, accord-

ing to said testimony, did the Citizens Bank and appellant understand that there was an oral agreement in addition to the contracts brought forth by the respective endorsements on the respective instruments. Everything said by Collman, as quoted in the offered testimony, was in the nature of his conclusion that the legal effect of one endorsement would be to offset the other. Perhaps he was mistaken about the legal effect, but the misunderstanding, even if relied upon by appellant and the Bank, cannot now be made the basis for an independent contract between them which never existed. The relief for such misunderstanding, if any there was, is a matter for equity jurisdiction. Nowhere is there a suggestion of an independent oral agreement supplementing the effect of the two contracts arising through the respective endorsements. Appellant and the Citizens Bank did not agree that the endorsement now sued upon should be ineffective unless the bank's endorsement on the John J. De-Bruin note at all times remained in full force and effect. Nor did those parties intend that the endorsement on the note in suit never would become effective as an obligation. Rather, when completing the transaction, the bank and appellant contented themselves with Collman's conclusion that one endorsement as a matter of law would offset the other.

Hence it was manifestly intended by both appellant and the Citizens Bank that each endorsement should have full force and effect as a binding contract on the respective obligors. Inducement, then, by way of an independent oral contract, does not exist. At most, one endorsement was the inducement for the other. When thus induced, the respective parties placed an endorsement upon the respective notes. Such inducement contemplated that when endorsed each note would become a binding contract on the obligor according to the terms of each separate written contract. Collman, it is true, as before explained, was of the opinion that the bank's endorsement on the John J. DeBruin $3,041.80 note would off-set appellant's liability on the note in suit, but appellant and the Citizens Bank did not so agree in an independent contract, although they may have expected that result from the endorsements on the two notes. Thus the only agreement upon the subject was the written contracts brought forth by the respective endorsements. Moreover, there is nothing in Collman's alleged statements quot-

ed in the offered testimony which indicates that appellant's endorsement on the note in suit was limited to any special purpose. According to Collman, the endorsement on each note was to have full force and effect. If each endorsement was given full force and effect, Collman thought that the Bank's endorsement would offset that of appellant. There is nothing in Collman's quoted words to indicate that the endorsement on the note in suit should become ineffective after the obligation under the endorsement on the John J. DeBruin $3,041.80 note was discharged. Rather it was his thought that each endorsement contract should live its full life and die a natural death. Thereby he believed that appellant's obligation on the note in suit would be offset by the Bank's liability under its endorsement on the said note executed by John J. DeBruin. He in no way prophesied contractual life for the John J. DeBruin $3,041.80 note after its death through discharge and satisfaction. Manifestly the possible satisfaction of the above named John J. DeBruin note before the discharge of appellant's obligation on the note in suit was a contingency not anticipated, or fortified against, by the parties. Whatever inducement to appellant there was therefore arose out of the endorsements themselves.

But it is urged by appellant that the evidence nevertheless was admissible for the purpose of showing that his endorsement on the note in suit was conditional only. Within the language of the testimony offered, however, there is no suggestion of a conditional delivery. Contrary to that, it was the apparent intention of both the Citizens Bank and appellant that the endorsements were at once to become effective. Without an immediate delivery there could not have been such effectiveness. As stated by Collman in the evidence under consideration, appellant's endorsement on the note in question would be offset by the Bank's endorsement of the said DeBruin note. Unless, then, each endorsement thus became effective there could be no offset as contemplated. So far as the intention of the parties is concerned, the offered testimony made no suggestion that the delivery of the endorsed instrument in question was in any way conditional. Each instrument was to be unqualifiedly delivered in order to be given legal effect. Such legal effect under the unqualified delivery Collman prophesied would bring about the expected offset. Furthermore, the offered testimony does not

indicate that appellant's endorsement on the note in suit was for a special or limited purpose.

According to Collman, appellant was to endorse the note in suit, and the Bank's endorsement on the John J. DeBruin $3,041.80 note would operate as an offset. Nothing appears at any place in the rejected testimony to indicate that appellant's endorsement on the present note was for a special or limited purpose. Undoubtedly appellant desired protection until his action in exchanging the notes was approved at the accounting with John J. DeBruin. This protection he did have because the Bank's endorsement on the John J. DeBruin $3,041.80 note was effective until discharged at the accounting. However that may be, there is nothing to indicate that the appellant's endorsement of the note in suit was for any special purpose. Said endorsement was for an unlimited purpose, so far as appears in the record. Collman, however, stated that there could be an offset thereto through the Bank's endorsement on the aforesaid note executed by John J. DeBruin. The offset, whatever it was, arose according to the notes themselves, as distinguished from any limitation in an independent oral contract. To put the thought differently, if both notes were undischarged and in full effect, one endorsement could be pleaded as a set-off to the other. Necessarily, then, there is no basis in the record for the application of any exception to the general parol evidence rule. Appellee's written contract in the case at bar is appellant's blank endorsement on the Van de Berg note. No exceptions or conditions are attached to the endorsement. There is no claim that such endorsement and note were delivered to the Citizens Bank for the purpose of securing some other obligation. Nor is there testimony indicating that the note and endorsement were delivered as evidence of some other contract. Neither does there appear to have been a delivery for a special purpose. All the testimony rejected tends, if it has material or relevant probative force at all, to prove that no independent oral contract existed between appellant and the Citizens Bank. But if in any event it can be said that the oral testimony offered had any probative force to sustain a contemporaneous oral agreement contradictory to the written agreements arising from the endorsements, its acceptance would violate the parol evidence rule. Hills Savings Bank v. Hirt, 204 Iowa 940; Kent State Savings Bank v. Camp-

bell, 208 Iowa 341; Porter v. Moles, 151 Iowa 279. The following quotation was approved in the Hills Savings Bank case, supra:

" 'Parol evidence is admissible to show conditions relating to the delivery or taking effect of the instrument, as that it shall only become effective upon certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument, but goes to the very existence of the contract, and tends to show that no valid and effective contract ever existed; but evidence is not admissible which, conceding the existence and delivery of the contract or obligation, and that it was at one time effective, seeks to nullify, modify, or change, the character of the obligation itself, by showing that it is to cease to be effective or is to have an effect different from that stated therein, upon certain conditions or contingencies, for this does vary or contradict the terms of the writing.' "

Hence, appellant cannot change the effect of his endorsement by parol evidence. If he were permitted so to do he would contradict and change the written contract.

So the district court did not err in excluding this parol evidence, for it did not show inducement, conditional delivery, or delivery for a special purpose, as contemplated by the rules of evidence.

Third: Nevertheless appellant urges that parol evidence was admissible to show that the bank intended to reissue the John J. DeBruin $3,041.80 note. Beyond doubt there could be no reissuance, so far as John J. DeBruin himself was concerned. Yet, assuming without deciding that there could be such reissuance in a way to bind the Citizens Bank, nevertheless there is no evidence of such reissue. Throughout his entire argument appellant contends for the proposition that the said note executed by John J. DeBruin was not discharged or paid. Moreover, nothing in the testimony offered indicates a reissuance of the instrument. Consequently this theory does not indicate that the district court erred in excluding the testimony. And

Fourth: Appellant continues his argument by declaring that the bank's endorsement on the John J. DeBruin $3,041.80 note constituted a guaranty of payment regardless of whether the instrument was discharged so far as the maker is concerned.

Therefore, appellant contends that the evidence was admissible on this theory. Clearly, however, there is no indication in the evidence that the bank intended to be liable on the endorsement after the instrument had run its course and was finally terminated by the maker's discharge. As previously shown, the district court was justified in finding that the John J. DeBruin $3,041.80 note was not discharged until the accounting, a long period after the endorsement. So it appears that after the endorsement was placed on the note, the instrument had life until discharged by the accounting. The evidence offered does not sustain a holding that the bank intended to be liable upon the discharged instrument.

As a part of the district court's judgment, the appellant was given judgment against the defendant John J. DeBruin. Under all the circumstances, then, we are inclined to conclude that the district court's judgment is right.

Wherefore, it is affirmed.—Affirmed.

Evans, De Graff, Wagner, and Grimm, JJ., concur.

Faville, C. J., and Morling, J., dissent.

Faville, C. J. (dissenting)—My views in this case are set forth in the opinion filed on the former submission and which appears in 233 N. W. 118, and to which I still adhere. I think the oral contract between the parties was based upon a good consideration, can be proven by parol, and that it should be carried out, and that the appellee should not be allowed to repudiate it.

I would reverse.

I am authorized to say that Mr. Justice Morling joins in this dissent.