LAWRENCE A. WALKER, Appellant, v. L. S. TODD, Appellee.

No. 44326.

JUNE 21, 1938.

Burton Russell, for appellant.

Harry Wifvat, for appellee.

KINTZINGER, J.—Defendant had been the owner of an 80-acre farm purchased from the plaintiff, giving him a mortgage on which there was a balance of $7,000 due on April 18, 1933. Defendant being unable to pay the past due interest and taxes, he and plaintiff agreed that defendant execute a deed of the farm to plaintiff in payment of the mortgage and all other indebtedness due plaintiff thereon. This was done on April 18, 1933.

On the same date plaintiff leased the 80-acre farm to the defendant for a period of three years at an agreed rental. At the time the lease was entered into, defendant also executed his note to plaintiff appellant in the sum of $625. The lease also provides that any time within three years the "lessee is given the option to buy the real estate described in the * * * lease * * * for a consideration of $7,000.00 * * * at the election of lessee and on condition that L. S. Todd shall pay note of $625 dated April 18, 1933, made by him to Lawrence A. Walker."

This action is commenced to recover $625 alleged to be due plaintiff on said note. In answer to appellant's petition, appellee alleges that, at the time of granting the option and delivering said $625 note, it was understood and agreed between plaintiff and defendant that the note was to be paid only on condition that the defendant exercised his option to purchase the real estate within the time granted by the option contained in the lease. Defendant further alleges that he failed to exercise the option to purchase said real estate, and having failed so to do there is no liability on his part to pay the note.

Appellant by way of reply denies that there was any conditional delivery of the note sued on, but alleges that the note was executed to appellant for moneys advanced to appellee and for other debts due from him to appellant.

On the trial of the case appellee and his wife each testified in substance that the note of $625 was delivered to the appellant on condition that the same would not become an obligation of

the defendant unless he exercised his option to repurchase the farm within the time provided in the lease. As the note contained no reference to any conditional agreement, this testimony was objected to as incompetent, irrelevant and immaterial, as being in violation of the parol evidence rule and an attempt to vary the terms of a written agreement by parol. The evidence offered by appellant on this question flatly contradicted that given by the appellee and his wife. The case was submitted to the jury and a verdict returned in favor of appellee.

Thereupon appellant filed a motion for a new trial based substantially upon the court's alleged error in admitting appellee's testimony tending to show a conditional delivery of the note, and upon the court's instruction submitting that issue to the jury.

Appellant contends that the court erred in admitting parol evidence tending to show a conditional delivery of the note sued on. The only question involved in this case therefore is whether or not it is competent to show by parol evidence that the note in question was delivered upon condition that it was to be paid only in the event and on condition that appellee repurchase the farm within three years.

It is the general rule of law that parol evidence is not admissible to vary the terms of a written instrument. Klemm v. Weil, 194 Iowa 1073, 190 N. W. 388; First National Bank v. Mether, 217 Iowa 695, 251 N. W. 505; Hills Savings Bank v. Hirt, 204 Iowa 940, 216 N. W. 281; Versteeg v. Hoeven, 214 Iowa 92, 239 N. W. 709; Citizens National Bank v. Rowe, 214 Iowa 715, 243 N. W. 363.

It is likewise the rule that there are certain well-known exceptions to the parol evidence rule, one of these being that parol evidence is competent to show that the written instrument was delivered upon certain conditions. This was the general rule recognized at common law before the adoption of the Uniform Negotiable Instruments Act, which provides that:

"As between the immediate parties and as regards a remote party other than a holder in due course the delivery * * * may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." Uniform Negotiable Instruments Act, section 16.

This provision of the act is also incorporated into the Iowa

Negotiable Instruments Act by section 9476 of the Code of 1935, which provides, inter alia:

"As between immediate parties, * * * the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument."

Such is likewise the rule as announced by our decisions and the following authorities: Restatement of the Law of Contract, Par. 241; 8 C. J. 205, sec. 336; 8 American Jurisprudence, 632, sec. 1050; Selma Savings Bank v. Hinkle, 183 Iowa 200, 166 N. W. 748; Waukee Savings Bank v. Jones, 179 Iowa 261, 159 N. W. 691; Garner v. Kratzer, 173 Iowa 292, 155 N. W. 296; Andrew v. Hanson, 206 Iowa 1258, 222 N. W. 10; Kline v. Reeder, 203 Iowa 396, 212 N. W. 693; McNight v. Parsons, 136 Iowa 390, 113 N. W. 858, 22 L. R. A. (N. S.) 718, 125 Am. St. Rep. 265, 15 Ann. Cas. 665.

In Selma Savings Bank v. Hinkle, 183 Iowa 200, l. c. 204, 166 N. W. 748, l. c. 750, we said:

"That a promissory note may be delivered on condition the observance of which is essential to its validity between the original parties thereto, is recognized by Section 3060-a16, Code Supplement, providing that in such case 'the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring property in the instrument,' and is in harmony with the decisions of this and other courts."

In Kline v. Reeder, 203 Iowa 396, l. c. 397, 212 N. W. 693, l. c. 694, we said:

" * * * under section 9476, Code of 1924, it is provided, with reference to negotiable instruments, that delivery may be shown to be conditional, or for a special purpose only. We have construed this section in Selma Sav. Bank v. Harlan, 167 Iowa 673, 149 N. W. 882; Waukee Sav. Bank v. Jones, 179 Iowa 261, 159 N. W. 691."

In McNight v. Parsons, 136 Iowa 390, l. c. 394, 113 N. W. 858, l. c. 860, 22 L. R. A. (N. S.) 718, 125 Am. St. Rep. 265, 15 Ann. Cas. 665, we said:

"As between such parties, it is also a well-established general rule that the delivery of a written instrument which is in form a complete contract will not exclude parol evidence that such delivery was conditional, and was not to become a binding or enforceable obligation upon the maker until the performance or discharge of such condition precedent."

"The delivery may be a conditional one to take effect only on the happening of a future contingency, and the agreement in regard thereto need not be in writing. * * * But this is now settled, in states where the Negotiable Instruments Law is in force, by the provision that 'The delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument,' as between immediate parties or one not a holder in due course. A delivery may be conditional, without the use of express words to that effect at that time; and that conclusion may be drawn from all the circumstances which properly form a part of the entire transaction." 8 C. J. 205, section 336.

In discussing this question the following statement appears in 8 American Jurisprudence, 632, section 1050:

"The great weight of authority holds that as between the parties to a negotiable instrument, or as against subsequent parties not holders in due course, parol evidence is admissible to show that the delivery of the instrument to the payee was a conditional delivery, and that by reason of a failure to perform or comply with the condition, the instrument never became a completed contract in praesenti. Such evidence does not contradict the writing within the meaning of the parol evidence rule; that rule presupposes the existence of a valid contract. The evidence in question is admissible for the purpose of showing that there is no valid contract between the parties."

██ This action is between the parties to the note in question, and the evidence offered tends to show that it was delivered upon the express condition that it was not to become binding or of any force unless and until the appellee repurchased the farm in question. It is conceded in the evidence that appellee was given an option to repurchase the land in three years; it is likewise conceded that the appellee did not repurchase it. The oral testimony offered on behalf of appellee tended to show

that the note in question was delivered upon condition that appellee repurchase the land. Although there was a conflict in the evidence as to whether or not the note was delivered upon such condition, that was a question of fact for the jury. The court properly instructed the jury thereon. We find no error in admitting the testimony complained of or in submitting that issue to the jury.

For the reasons hereinabove expressed, the judgment of the lower court is hereby affirmed.—Affirmed.

STIGER, C. J., and all Justices concur.