**Harold SNIDER, Appellant,**

**v.**

**Carroll FISK, Appellee.**

**No. 56047.**

Supreme Court of Iowa.

May 22, 1974.

Virgil E. Meyer, Chariton, for appellant.

Reynoldson, Brown & Van Werden, Osceola, for appellee.

Heard before MOORE, C. J., and LeGRAND, REES, UHLENHOPP and McCORMICK, JJ.

UHLENHOPP, Justice.

The decision in this specific performance case turns on whether a purported land contract was executed conditionally, and that issue involves a question of fact on which the two principals in the case testified in direct contradiction to each other. We have carefully studied the evidence to determine where the truth lies, as the case is here de novo. Janssen v. North Iowa Conference Pensions, Inc., 166 N.W.2d 901 (Iowa).

Trial courts have considerable advantage over us since they are able to watch the witnesses on the stand. We therefore lean rather heavily on their findings on fact questions, although we do not abdicate our responsibility of making the final determination. Imperial Refineries Corp. v. Morrissey, 254 Iowa 934, 119 N.W.2d 872. After considering the evidence adduced and also the trial court's decision, we find the facts to be as follows.

Carroll and Elizabeth Fisk, husband and wife, owned a quarter-section farm in joint tenancy in Lucas County, Iowa. Harold Snider, a garage owner in Chariton, Iowa, owned and had previously bought and sold real estate. He desired to buy Fisks' farm.

Snider approached Carroll Fisk (Fisk) several times about purchasing Fisks' farm. Fisk testified that on those occasions he told Snider Mrs. Fisk owned half of the farm and any sale would depend on her consent. Snider denies Fisk so informed him. The evidence in light of the trial court's findings persuades us that the truth lies with Fisk on this issue, as well as on several other issues on which the two men gave divergent testimony.

On May 25, 1971, Fisk drove to a welding shop in Chariton. Snider drove in, stopped in front of Fisk, and engaged him in conversation about the sale of the farm. Snider raised his previous offer by $2,000. Fisk stated that the transaction would be subject to his wife's approval. On that understanding, Snider then wrote, and the two men signed, the following document:

> May 25th, 1971
> Seller, Carroll Fisk, agrees to sell 160 acres for purchase price of $34,000.00, Down payment of $1000.00 and balance due & payable in full March 1st 1972. The 160 acres known as the Laura Curtis, 160.
> R. Harold Snider purchaser. Sellers agrees to pay 1970 taxes and the first two months taxes in 1971. Buyer option to furnish Abstract at buyer expense.
>
> Chariton, Iowa
> Dated May 25th 1972
>
> [s] R. Harold Snider buyer
>
> x                              Seller
>
>    [s] Carroll Fisk

Snider retained the document. He handed his check for $1,000 to Fisk.

Fisk reported the matter to his wife the same day, but she refused to sell. Shortly thereafter Fisk so informed Snider.

Snider prepared a formal real estate contract on a form published by The Iowa State Bar Association, calling for the sale of the farm to Snider by Carroll Fisk and Elizabeth Fisk and spelling out terms. He presented the form to Fisk. Fisk refused

to sign it and also returned to Snider the check for $1,000.

Subsequently Snider recorded the May 25th document signed by him and Fisk, demanded that Fisk close the transaction for the sale of the farm, and brought the present suit for specific performance as to the entire farm (in the first division of the petition) or as to Fisk's half of the farm (in the second division). The trial court tried the suit on the merits and dismissed the petition, finding inter alia that the May 25th document was executed on the condition that Fisk's wife would agree to the sale.

Since we too find that the document of May 25 was executed on that condition and since Mrs. Fisk refused to agree to the sale, we decide the case in Fisk's favor as the trial court did. The parol evidence rule does not prevent a party from showing that a signed document was not to be effective until a condition was met. Hoover v. Hoover, 228 Iowa 981, 291 N. W. 154; Walker v. Todd, 225 Iowa 276, 278, 280 N.W. 512, 513 ("there are certain well-known exceptions to the parol evidence rule, one of these being that parol evidence is competent to show that the written instrument was delivered upon certain conditions"); Kilby v. Fitzpatrick, 193 Iowa 714, 187 N.W. 580; McKnight v. Parsons, 136 Iowa 390, 113 N.W. 858.

Fisk urges other grounds for affirmance but we need not consider them.

Affirmed.