Charles Daniel BRUGGEMEYER and Roberta Bruggemeyer, Appellants,

v.

Ralph T. BRUGGEMEYER and Shirley Bruggemeyer, et al., Appellees.

In the Matter of the Estate of Jennie F. BRUGGEMEYER, Deceased.

In the Matter of the Estate of William T. BRUGGEMEYER, Deceased.

No. 58054.

Supreme Court of Iowa.

Oct. 19, 1977.

Charles Daniel Bruggemeyer and Roberta Bruggemeyer, pro se.

Alanson K. Elgar and Gary L. Wiegel, Mount Pleasant and David A. Hirsch, Burlington, for appellees Ralph T. Bruggemeyer and Shirley Bruggemeyer.

Rande McAllister, Mount Pleasant, for appellees Robert D. Batey and Iola M. Batey.

James L. Morrison, Mount Pleasant for appellees Bonnie Sue Miller, Cynthia Jo Bruggemeyer, Rebecca Frank and Barbara Ann Bruggemeyer.

Heard by MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ.

REES, Justice.

This is an appeal by plaintiffs Charles Daniel Bruggemeyer and Roberta Bruggemeyer from the trial court's findings, conclusions and decree dismissing plaintiffs' petition against Ralph T. Bruggemeyer, the holder of a life estate and the remainderman in certain property for specific performance of an oral contract and for a decree quieting title. The trial court determined there was no written contract between the plaintiffs and defendants for the purchase of the real estate which is the subject matter of this action as is required by § 622.32, The Code, 1973, and held that specific performance could not be decreed when there was an incomplete oral land contract. The court further found and adjudged that a tenant in possession (in this case, the plaintiffs) under a lease could not assert an exception to the statute of frauds, and that any contract for the sale of real estate, either oral or written, contemplated the performance of conditions precedent which were not met. The court dismissed the petition of the plaintiffs, and they appeal. We affirm.

Charles Daniel Bruggemeyer is the son of Charles William Bruggemeyer and the nephew of Ralph T. Bruggemeyer, one of the defendants. The real estate which is the subject of this litigation was owned by William and Jennie Bruggemeyer (parents of Ralph and Charles William), who each owned an undivided one-half interest in the farm premises. Both William and Jennie died testate and by will devised to the survivor of them a life interest in the real estate and devised the remainder to defendant Ralph for life and then to Ralph's child

or children. The wills of William and Jennie each contained the following clause:

"Having given certain real estate to my children for their use and income, under the terms of this Will, I do hereby give, devise and bequeath by this paragraph of my Will the right to said children to sell and dispose of said real estate at any time with the stipulation that in case any of said real estate is sold and turned into cash, that my children are to have only the life use and income from the proceeds of said sale, and at their death the proceeds of said sales of real estate are to be divided among their children in the same manner and proportions as the respective pieces of real estate were to be divided as set out in prior paragraphs of this, my Will."

After the death of William and Jennie, Ralph occupied the farm for a period of time and later rented it to his brother Charles William Bruggemeyer and to the plaintiff Charles Daniel Bruggemeyer. Such rental arrangement continued for the years 1971, 1972 and 1973. During the year 1973 the parties were in a continuing dispute concerning the obligation of Charles Daniel to pay pasture rent and there seems to be no dispute but that the pasture rent remained unpaid.

During the month of May, 1973 Ralph and Charles Daniel Bruggemeyer discussed the sale of the farm by Ralph to Charles Daniel for the sum of $90,000. Ralph advised Charles Daniel he would not sell the farm unless the pasture rent was paid in full. In November of 1973 two different real estate contracts were prepared by an attorney at the instance of Charles Daniel Bruggemeyer, and both were signed by the plaintiffs and submitted to Ralph and his wife for their signatures, but there is no dispute concerning the fact that Ralph and Shirley Bruggemeyer never executed the contracts. Each contract contained provisions that the same was to be approved by the district court which had jurisdiction over the probate proceedings of the estates of William and Jennie Bruggemeyer. No down payment was ever made on the contract by the plaintiffs and the 1973 pasture rent remained unpaid.

In the month of January, 1974 Ralph Bruggemeyer executed a contract in writing with the appellees Robert and Iola Batey for the sale of the farm to Bateys for $100,000. A petition seeking authority of the district court to make the sale of the farm to Bateys was filed in the month of February, 1974. The filing of the petition for authority to sell the farm in the probate matters apparently brought about the filing of the petitions in this cause, one praying for a decree quieting title in the farm in the plaintiffs Charles Daniel and Roberta Bruggemeyer, and the other seeking a decree directing specific performance of an alleged oral contract for the purchase of the farm by Charles Daniel and Roberta. The issues were made up by defendants denying the existence of any contract to sell the farm existing between Charles Daniel and Roberta Bruggemeyer and Ralph T. Bruggemeyer and his wife.

The plaintiffs state multiple issues which they contend require and dictate a reversal of the decree of the trial court. In the interest of brevity we deem it necessary to consider only the basic issue as to: (1) whether there was in fact a mutuality of assent between the plaintiffs and defendants with respect to a contract for the purchase and sale of the subject real estate and (2) if a contract existed contemplating the performance of conditions precedent were the conditions precedent discharged and performed.

I. The first question, that is to say, as to whether there was mutuality of assent between the plaintiffs and defendants Ralph T. and Shirley Bruggemeyer must be resolved against the plaintiffs. The record discloses that the contract was prepared in the office of Attorney Elgar, counsel for the defendants, but at the instance of plaintiffs both contracts (the second having replaced the first) were signed and executed by both Charles Daniel and Roberta Bruggemeyer and were tendered to the defendants Ralph T. and Shirley Bruggemeyer for execution by them. The record discloses

that Attorney Elgar notified the plaintiffs by letter addressed to plaintiffs' counsel advising plaintiffs that Ralph Bruggemeyer would not sign the contract or the application to the probate court for the approval of it until the cash rent for the farm and the disputed pasture rent had been paid in full.

The contracts both provided that the sale they evidenced was subject to the approval of the District Court of Henry County, and that in the event the final contract was not approved by the court all parties should be returned to their original position. It is undisputed in the record that no application or petition for the approval of the proposed sale to Charles Daniel Bruggemeyer and Roberta Bruggemeyer was ever submitted to the Henry County court for approval, and it is further undisputed in the record that the pasture rent remained unpaid at all times material to this controversy. Such undisputed factual situation leads us to conclude under our de novo review of the record that there was no mutuality of assent between the parties to the proposed contract.

■ II. The nonperformance of the conditions precedent referred to hereinabove vitiated any contract or proposed contract between the parties. See *Snider v. Fisk*, 218 N.W.2d 652 (Iowa 1974); *Mullenger v. Clause*, 178 N.W.2d 420 (Iowa 1970); *MacVicar v. Western Asphalt Paving Corp.*, 201 Iowa 355, 207 N.W. 378.

III. We deem it unnecessary to extend this opinion by discussing in detail the other issues presented for review. In sum, we conclude there was no viable contract between the parties Charles Daniel and Roberta Bruggemeyer and the defendants Ralph T. and Shirley Bruggemeyer. The decree of the trial court and its action in dismissing the petitions of the plaintiffs is, therefore, affirmed.

AFFIRMED.